## Chase v. Clearfield Lumber Company, Appellant.

*Timber—Trespass—Damages.*

In an action of trespass where it appears that the defendant through a misapprehension as to property lines entered upon plaintiff's land, cut timber thereon, opened roads through it, and cut and piled underbrush along the roads, the measure of damages is the value of the timber taken, compensation for the loss of the use of the land occupied by the roads, and cost of removing or burning up the brush. In such a case it is error for the court to charge the jury that they might take into consideration the element of danger from fire by reason of the brush heaps " as bearing upon the effect which the act had upon the market value of the property."

Argued April 18, 1904. Appeal, No. 23, Sept. T., 1902, by defendant, from judgment of C. P. Clearfield Co., Sept. T., 1902, No. 23, on verdict for plaintiff in case of Jane Chase v. Clearfield Lumber Company, Limited. Before MITCHELL, C. J., DEAN, BROWN, POTTER and THOMPSON, JJ. Reversed.

Trespass to recover damages for injuries to land. Before GORDON, P. J.

At the trial the evidence tended to show that the defendant company through a mistake as to the lines of its property entered upon plaintiff's land, cut timber thereon, opened roads through it, and along the roads piled up brush heaps.

A witness for the plaintiff, W. C. Goss, testified that the property was injured to the extent of $500 by reason of danger of fire from the brush heaps. Subsequently the following request was made to the court:

We ask now that the court strike out all the testimony of this witness so far as relates to the damages to this property arising from fire ; it is entirely speculative and too remote and uncertain.

The Court: The plaintiffs cannot recover for remote and

speculative damages, but we think the testimony of the witness was properly admitted. The question simply being what effect the building of the roads and the piling of brush resulting therefrom has upon the market value of the property, the difference in its market value before this trespass was committed and its market value after. The defendant's motion, therefore, to strike out is refused, exception noted to the defendant.

The defendant presented this point:

3. That under the pleading or statements of plaintiff's claim she cannot recover any amount for any alleged damage from fire, as testified to by W. C. Goss and Daniel H. Barnett; that such claim is too uncertain, is in its nature wholly speculative and cannot be taken into consideration and the jury must disregard that testimony and must not base any part of their verdict thereon. *Answer:* This point is affirmed so far as it relates to a specific recovery of damage from fire. But it is proper for the jury, in connection with all the other evidence in the case, to take into consideration the evidence as to the acts done and committed by the defendant as bearing upon the increased liability of damage from fire. This as bearing upon the effect which the act had upon the market value of the property, as explained in our general charge. You are to take into consideration all of these matters referred to not as specific items of damage to be recovered for, but as elements entering into the question of damage. [1]

Verdict and judgment for plaintiff for $1,504. Defendant appealed.

*Errors assigned* were (1) above instruction, quoting it; (6) refusal to strike out evidence as above, quoting the bill of exceptions.

*David L. Krebs,* with him *A. M. Liveright,* for appellant.— It was error to refuse to strike out the testimony of Goss: Eshleman v. Martic Twp., 152 Pa. 68.

*Joseph B. McEnally,* with him *W. Clark Miller,* for appellee.

OPINION BY MR. JUSTICE POTTER, June 15, 1904:
Under a misapprehension as to the proper location of the

lines of its property, the defendant company entered upon lands of the plaintiff, and cut and removed some of the timber therefrom. It also made certain roads through the tract, and in so doing cut underbrush and piled it alongside the roadway. For the trespass of which it was guilty, the defendant was of course liable in damages. Upon the trial in the court below the plaintiff recovered for the value of the timber, and in addition the jury awarded a lump sum for the other damages done. In estimating these damages, the jury were allowed to take into consideration the increased danger from fire caused by piling the brush along the roadway. The defendant here complains that the trial judge was not content with instructing the jury to ascertain the value of the small timber, and of the herbage and grass trodden down and consumed, and the cost of removing the underbrush which had been cut and piled along the road, together with the amount to which the plaintiff had been interfered with in the use and enjoyment of the land; but instead he instructed the jury that they might take into consideration the element of danger from fire, " as bearing upon the effect which the act had upon the market value of the property."

This was only a case of ordinary trespass, and no permanent injury was done to the land. The timber taken could be paid for and the brush could be removed. When the roadways were given up, the timber would again grow thereon, and compensation for the loss of the use of the ground in the meantime could be made. As this court said in Helbling v. Allegheny Cemetery Co., 201 Pa. 171, where the injury was not of a permanent character, " The measure of damages was the cost of restoring the property to its former condition, together with compensation for the loss of its use."

In the present case in so far as the damage arising from the piling of the brush is concerned, the plaintiff will be properly compensated if she is given the cost of its removal. Any attempt to estimate the damages upon the basis of increased liability to fire caused by leaving the brush in piles along the road, could only lead to speculative results. The obvious and simple remedy was to remove or burn up the brush. When the cost of that was covered, together with the value of the timber taken, and to that was added the amount required to

compensate plaintiff for the loss of the use of the land occupied by the road, she could have no further just cause of complaint. Certain witnesses who testified before the jury, based their estimate of the damages to the land upon the possibility of fire, owing to the continued existence of the brush heaps upon the land. When the basis of their estimate appeared, counsel for the defendant moved to strike out that part of the testimony upon the ground that it was entirely speculative, and too remote and uncertain; but the trial judge declined to do so. We regard the objection to the admission of this testimony as well founded, and the refusal to strike it out as error.

The first, sixth and seventh assignments of error are sustained, and the judgment is reversed with a venire facias de novo.