Laughlin, Appellant, *v.* Pittsburgh.

Argued April 12, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Robert E. Wayman,* with him *Wayman, Irvin, Trushel & McAuley,* for appellant.

*George Shorall,* Assistant City Solicitor, with him *Ralph Lynch, Jr.,* City Solicitor, for appellee.

OPINION BY HOFFMAN, J., September 19, 1973:

This is an appeal from the order of the Common Pleas Court of Allegheny County sustaining appellee's preliminary objections to appellant's complaint.

The instant suit arose as a result of injuries sustined by the appellant. On April 30, 1970, appellant had been painting a building at 623 Ivy Street. A Pittsburgh police officer, who had been pursuing a burglary suspect, discharged his service revolver, seriously wounding the appellant.

Recently, the Pennsylvania Supreme Court abolished the doctrine of governmental immunity, *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A. 2d 877 (1973). In so doing, the Court said: "Today we conclude that no reasons whatsoever exist for continuing to adhere to the doctrine of governmental immunity. Whatever may have been the basis for the inception of the doctrine, it is clear that no public policy considerations presently justify its retention." 453 Pa. at 592. On July 2, 1973, our Supreme Court applied its previous decision in *Ayala* to reverse dismissals of two companion cases which had likewise been dismissed on the ground of governmental immunity. *Kitchen v. Wilkinsburg School District,* 455 Pa. 633, 306 A. 2d 294 (1973), and *Hansen v. Wilkinsburg School District,* 455 Pa. 633, 306 A. 2d 294 (1973).

In light of *Ayala* and the cases that have followed, we vacate the order dismissing plaintiff's complaint, and remand the case to the lower court to enter an appropriate order overruling defendant's preliminary objections and granting defendant leave to file an answer to the complaint.