Edwell, Appellant, *v*. Allegheny County.

Submitted April 10, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*James R. Duffy*, and *McArdle, McLaughlin, Paletta & McVay*, for appellant.

*John Sebastian Sherry* and *Fred W. Dunton*, for appellee.

OPINION BY HOFFMAN, J., September 19, 1973:

This appeal is from the order of the Court of Common Pleas of Allegheny County entering summary judgment on behalf of the County of Allegheny.

The instant matter arises out of personal injuries suffered by the appellant, when a chair in the witness room of the County courthouse collapsed beneath her. Appellant's complaint alleged that the chair was owned and controlled by the defendant. Defense counsel moved for summary judgment raising the defense of governmental immunity. Defendant's motion was granted and judgment entered.

Recently, the Pennsylvania Supreme Court abolished the doctrine of governmental immunity, *Ayala v. Philadelphia Board of Public Education*, 453 Pa. 584, 305 A. 2d 877 (1973). In so doing, the Court said: "Today we conclude that no reasons whatsoever exist for continuing to adhere to the doctrine of governmental im-

munity. Whatever may have been the basis for the inception of the doctrine, it is clear that no public policy considerations presently justify its retention." 453 Pa. at 592. On July 2, 1973, our Supreme Court applied their previous decision in *Ayala* to reverse dismissals of two companion cases which had likewise been dismissed on the ground of governmental immunity. *Kitchen v. Wilkinsburg School District*, 455 Pa. 633, 306 A. 2d 294 (1973), and *Hansen v. Wilkinsburg School District*, 455 Pa. 633, 306 A. 2d 294 (1973).

In light of *Ayala* and the cases that have followed, we vacate the summary judgment, and remand the case to the lower court for further proceedings.