Cromley et al., Appellants, *v.* Loyalsock Township School District.

Submitted March 19, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*John R. Bonner* and *Leonard I. Wanetik,* for appellants.

*T. Max Hall, Charles J. McKelvey,* and *McNerney, Page, Vanderlin & Hall,* for appellee.

OPINION BY HOFFMAN, J., September 19, 1973:

This is an appeal from the order of the Common Pleas Court of Lycoming County sustaining appellee's preliminary objections in the nature of a demurrer.

The case was submitted on appeal to this Court. While the operative facts are unknown, the complaint brought by the parent and natural guardian of a minor girl alleges, inter alia, that minor "was injured solely as the result of defendant school district's failure to properly supervise other students, the school grounds, the activities of students thereon, and minor plaintiff during class time." Defense counsel raised the defense of governmental immunity. The lower court dismissed the complaint, and this appeal followed.

Recently, the Pennsylvania Supreme Court abolished the doctrine of governmental immunity. *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A. 2d 877 (1973). In so doing, the Court said: "Today we conclude that no reasons whatsoever exist for continuing to adhere to the doctrine of governmental immunity. Whatever may have been the basis for the inception of the doctrine, it is clear that no public policy considerations presently justify its retention." 453 Pa. at 592. On July 2, 1973, our Supreme Court applied their previous decision in *Ayala* to reverse dismissals of two companion cases which had likewise been dismissed on the ground of governmental immunity. *Kitchen v. Wilkinsburg School District,* 455 Pa. 633, 306 A. 2d 294 (1973), and *Hansen v. Wilkinsburg School District,* 455 Pa. 633, 306 A. 2d 294 (1973).

In light of *Ayala* and the cases that have followed, we vacate the order dismissing plaintiff's complaint, and remand the case to the lower court to enter an appropriate order overruling defendant's preliminary objections and granting defendant leave to file an answer to the complaint.