## Tohickon Country Club, Inc., v. Glasgow, Inc.

*John Ledwith, Esq.,* for Tohickon, for plaintiffs.
*John Renninger,* for other plaintiffs.
*Wm. K. Koch,* for defendant Glasgow, Inc.
*John Diefenderfer,* for defendant Pickering, Corts & Summerson, Inc.
*Kim Matthews Oboz,* for General State Authority.

GARB, J., September 5, 1974.—These are six separate actions in trespass, in each case separate property owners claiming damages to their property as a result of the construction of a dam by defendant contractors in performance of a contract with the General State Authority. In one of these cases the General State Authority is named as an original defendant,[*] and in the other five the General State Authority has been joined as an additional defendant. Without chronicling the multifarious pleadings and discovery in each case, suffice it to say that the pleadings are now closed and the Commonwealth of Pennsylvania on behalf of the General State Authority moves for judgment on the pleadings in favor of the General State Authority only. Under the provisions of Bucks County Rule of Civil Procedure 266, we hereby grant judgment

---

[*] Tohickon County Club, Inc. and Whitney v. Glasgow, Inc. and Pickering, Corts and Summerson Inc. and the General State Authority, March term 1971, no. 126.

on the pleadings in each of these cases for General State Authority.

Although it has now been held that the doctrine of governmental immunity no longer applies to units of local government (see Ayala v. Philadelphia Board of Public Education, 453 Pa. 584 (1973); Edwell v. Allegheny County, 226 Pa. Superior Ct. 429 (1973); Laughlin v. Pittsburgh, 226 Pa. Superior Ct. 431 (1973), and Cromley v. Loyalsock Township School District, 226 Pa. Superior Ct. 433 (1973)), the doctrine of governmental immunity as applied to Commonwealth agencies is still alive and well and clearly viable. See Brown v. Commonwealth, 453 Pa. 566 (1973); Sweigard v. Pennsylvania Department of Transportation, 454 Pa. 32 (1973); Laughner v. Allegheny County, 436 Pa. 572 (1970); Smeltz v. Harrisburg, 440 Pa. 224 (1970); Brown v. National Guard, 3 Pa. Commonwealth Ct. 457 (1971); DuBree, Jr. v. Commonwealth, 8 Pa. Commonwealth Ct. 567 1973). The General State Authority is a Commonwealth agency for purposes of the application of the doctrine of governmental immunity and is protected under the umbrella thereof: Roney v. General State Authority, 413 Pa. 218 (1964), and Armour Rentals, Inc. v. General State Authority, 4 Pa. Commonwealth Ct. 517 (1972). In each case, the pleadings reveal that the damages allegedly incurred by plaintiffs resulted from the construction of a dam then being constructed under the authority of the General State Authority by the contractor defendants and clearly, therefore, as applies to the General State Authority, it is a governmental rather than a proprietary function. See Biello v. Pennsylvania Liquor Control Board, 1 Pa. Commonwealth Ct. 179 (1971). Therefore, it is clear that defendant, General State Authority, is immune from suit,

there being no evidence to indicate that the Commonwealth has consented to suit in these cases and, therefore, judgment must be entered for the General State Authority.

Although in five of these six cases the General State Authority is a party defendant by virtue of joinder, we do not believe that that dictates a contrary result. We recognize that there are situations where an immunity may exist as between parties but where an immune party may be joined as an additional defendant, although that party may be immune from suit directly by plaintiff, on the grounds of contribution as among several defendants. See Daly v. Buterbaugh, 416 Pa. 523 (1964). However, in each complaint against the General State Authority as an additional defendant, it is alleged that General State Authority is either solely liable to plaintiff for damages or jointly and severally liable with defendants or liable over to defendants for the damages claimed. Inasmuch as the General State Authority is equally as immune from suit on behalf of the other defendants as it is from suit by plaintiffs, the doctrine of sovereign immunity is sufficient to protect it from joinder as an additional defendant.

Likewise, the mere fact that the other defendants enjoyed a relationship of contractor with the General State Authority does not dictate a contrary result. The immunity from suit of the sovereign state does not extend to independent contractors doing work for the State, but where a contractor performs his work in accordance with the plans and specifications in his contract with the State and is guilty of neither a negligent nor a willful tort, he is not liable for any damages which might result. See Valley Forge Gardens, Inc. v. James D. Morrissey, Inc., 385 Pa. 477 (1956). This doctrine, however, does not in any way pierce the um-

brella of immunity protecting the General State Authority.

### ORDER

And now, September 5, 1974, it is hereby ordered, directed and decreed that judgment on the pleadings shall be granted in favor of defendant, General State Authority, and against all other parties.