Blanche C. Rockwell, Administratrix of the Estate of Darlin Simpson, Deceased, et al., Plaintiffs, *v.* Commonwealth of Pennsylvania, Pennsylvania Department of Transportation and Jacob Kassab, Secretary of Transportation, Defendants.

Argued June 6, 1975, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as panel of three.

*William Goldstein,* with him *Goldstein & Goldstein,* for plaintiffs.

*Stuart J. Moskovitz,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for defendant, Department of Transportation.

*Michael M. Westerman,* with him *Edwin L. Scherlis,* for defendant, Kassab.

OPINION BY JUDGE WILKINSON, June 26, 1975: ·

This is a suit to recover damages from the Commonwealth of Pennsylvania and the Secretary of Transportation. The damages are alleged to have been suffered by reason of an accident alleged to have been caused by defendants' negligent construction of Interstate Route 80. A tractor-trailer in which plaintiffs were riding was traveling west. It crossed the medial strip and struck head-on another tractor-trailer traveling east.

Able counsel for plaintiffs recognize that unless they can distinguish this case from our very current Supreme

Court of Pennsylvania decisions in *Brown v. Commonwealth*, 453 Pa. 566, 305 A.2d 868 (1973), and *Biello v. Pennsylvania Liquor Control Board*, 454 Pa. 179, 301 A.2d 849 (1973), they must fail in their efforts to sue the Commonwealth. The same holds true with regard to the claim against the Secretary of Transportation unless this case can be distinguished from this Court's decision in *DuBree v. Commonwealth*, 8 Pa. Commonwealth Ct. 567, 303 A.2d 530 (1973). Since we are not persuaded that the instant case can be distinguished from any of the above cases, we must sustain the preliminary objections and dismiss the complaint.

The only real basis asserted for distinguishing this case from those above is that this accident occurred on a highway that was built by the Commonwealth as part of the Interstate System. Plaintiffs assert that the Legislature gave its consent to be sued for accidents alleged to have been caused by negligent construction when it accepted the benefit of the Federal-Aid Highway Act, 23 U.S.C. §101, et seq. We think not and do not consider Mr. Justice DOUGLAS' dissenting opinion in *Meyers v. Pennsylvania*, 416 U.S. 946, 40 L. Ed. 2d 298, 94 S. Ct. 1956 (1974), as persuasive as the decision of the majority of the Supreme Court of the United States in that case who, in denying certiorari, obviously felt otherwise.

A much stronger case was made for legislative consent by implication to be sued for tort liability in *Biello, supra,* and was rejected by the Pennsylvania Supreme Court.

Accordingly, we enter the following

ORDER

Now, June 26, 1975, the preliminary objections filed in the above case are sustained and the complaint dismissed.