# Nido v. Chambers

*James M. Keller*, for plaintiffs.
*Keller & Luxenberg*, for defendant.

HENDERSON, *P. J.*, September 17, 1975 — Plaintiffs commenced this action on July 3, 1972, by filing a complaint against defendant for the common law tort of trespass quare clausum fregit. Defendant filed a preliminary objection in the nature of a demurrer. In an opinion dated October 19, 1973, this court sustained the demurrer, since the complaint failed to allege an entry onto plaintiffs' property.

Subsequently, plaintiffs filed an amended complaint. Defendant filed preliminary objections in the nature of a demurrer and a motion to strike. The motion to strike contained two objections: that defendant was a public official and, therefore, immune from tort liability; and that no facts are pleaded upon which a claim for punitive damages can be based. These preliminary objections are now before the court for determination.

## I. DEMURRER

A demurrer admits as true all well pleaded facts and all inferences reasonably deducible from them

but not any conclusions of law. A demurrer will be sustained only if, upon the facts averred, the law says with certainty that no recovery is permitted: Reardon v. Wilbur, 441 Pa. 551, 554, 272 A. 2d 888, 890 (1971); Clevenstein v. Rizzutto, 439 Pa. 397, 226 A. 2d 623 (1970). The factual allegations presented in the amended complaint may be briefly summarized as follows.

Plaintiffs, owners of real property in the Borough of Ellwood City, obtained oral permission from the borough manager to install curbing, a driveway and a fence which, to some degree, entered upon the right-of-way of Skyline Drive to the north of their home. After obtaining permission, plaintiffs commenced construction of the curbing on or about December 3, 1971. The borough manager was present when the construction commenced and made no objection. Subsequently, plaintiffs completed construction of the curbing and driveway and also built posts for a fence to be constructed. Five of the fence posts and at least a portion of the curbing and driveway were placed in the unused portion of the Skyline Drive right-of-way.

On or about June 27, 1972, defendant, a borough councilman, caused employes of the Borough of Ellwood City to rip out the curbing, driveway and fence posts located on the Skyline Drive right-of-way. Further, defendant caused these same employes to rip out the fence posts located on plaintiffs' land. Under defendant's instructions, the borough employes entered upon plaintiffs' property and deposited the concrete from the fence posts, curbing and driveway which they had removed. During the time of this operation, the borough employes were guarded by a force of policemen whom defendant had persuaded to be present.

Plaintiffs contend that these actions, ordered and

directed by defendant, were outside the scope of any real or apparent authority he possessed as a borough councilman. Further, plaintiffs maintain that these acts were malicious, intentional, wanton and reckless, and pray for actual and punitive damages. Defendant contends that the facts set forth do not state a good cause of action. With this we disagree.

As stated above, plaintiffs' complaint alleges the common law tort of trespass quare clausum fregit. Liability for this tort arises from the intentional entry upon the land of another without privilege. Negligence or innocent mistake of right does not affect defendant's liability: Beavers v. West Penn Power Company, 436 F. 2d 869 (3rd Cir., 1971); Kopka v. Bell Telephone Co. of Pennsylvania, 371 Pa. 444, 91 A. 2d 232 (1952); Chase v. Clearfield Lumber Co., 209 Pa. 422, 58 Atl. 813 (1904). It is well settled in Pennsylvania that one who authorizes or directs another to commit an act which constitutes a trespass to another's land is himself liable as a trespasser to the same extent as if the trespass were committed directly by himself. This is true even when the direction is given to an independent contractor: Kopka v. Bell Telephone Co. of Pennsylvania, supra; McCloskey v. Powell, 138 Pa. 383, 21 Atl. 148 (1891); Restatement 2d, Torts, §427B (1965).

The complaint alleges that defendant caused employes of the Borough of Ellwood City to perform acts which constituted a trespass to plaintiffs' real property. As such, the complaint states a cause of action in trespass q.c.f.

## II. IMMUNITY

Defendant next objects that he is a public official

and thus immune from tort liability. Initially, we note that, under Pa. R.C.P. 1030, immunity from suit must be pleaded as new matter in a responsive pleading and is not properly raised by preliminary objections.

However, aside from this procedural aspect, it does not appear that defendant's position is well taken, at least upon the factual averments contained in the complaint.

The broad issues of sovereign and governmental immunity and the immunity of public officials has undergone considerable re-examination during the past few years. At present, it appears clear that the Commonwealth remains immune from suit unless the legislature expressly waives this immunity. However, the doctrine of governmental immunity, formerly applied to municipal and local governments, townships and school districts, has been abolished: Brown v. Commonwealth, 453 Pa. 566, 305 A. 2d 868 (1973); Ayala v. Philadelphia Board of Public Education, 453 Pa. 584, 305 A. 2d 877 (1973). See also Daye v. Commonwealth, 483 F. 2d 294 (3rd Cir., 1973); Sweigard v. Department of Transportation, 454 Pa. 32, 309 A. 2d 374 (1973); Kitchen v. Wilkensburg School District, 455 Pa. 633, 306 A. 2d 294 (1973); Hansen v. Wilkensburg School District, 453 Pa. 619, 306 A. 2d 294 (1973); Klein v. Cheltenham Township, 453 Pa. 495, 309 A. 2d 353 (1973); Rockwell v. Commonwealth, 20 Pa. Commonwealth Ct. 57, 339 A. 2d 898 (1975); Hopkins v. Commonwealth, Department of Transportation, 18 Pa. Commonwealth Ct. 39, 334 A. 2d 856 (1975); Brungard v. Hartman, 12 Pa. Commonwealth Ct. 477, 315 A. 2d 913 (1974); Cromley v. Loyalsock Township School District, 226 Pa. Superior Ct. 433, 310 A. 2d 330 (1973); Laughlin v.

City of Pittsburgh, 226 Pa. Superior Ct. 431, 310 A. 2d 289 (1973); Edwell v. Allegheny County, 226 Pa. Superior Ct. 429, 310 A. 2d 340 (1973); Snyder v. Shamokin Area School District, 226 Pa. Superior Ct. 369, 311 A. 2d 658 (1973).

The law relating to tort immunity for public officials and employes is less clear in several respects and has been the subject of a great deal of criticism and debate. See Ammlung v. Platt, 224 Pa. Superior Ct. 47, 57, 302 A. 2d 491, 497 (1973). For a general overview, see 3 Davis, Administrative Law Treatise, secs. 26.01 through 26.07 (1958). A high public official enjoys an absolute immunity from tort liability for all actions taken in the course of his official duties or powers and within the scope of his authority. As its name implies, this immunity is absolute to include actions motivated by malice. However, it should again be emphasized that this absolute privilege applies only to official actions within the scope of his authority: Jonet v. Bodick, 431 Pa. 59, 62, 244 A. 2d 751, 753 (1968); Montgomery v. City of Philadelphia, 392 Pa. 178, 182-183, 140 A. 2d 100, 103 (1958); Matson v. Margiotti, 371 Pa. 188, 193-194, 88 A. 2d 892, 895 (1952); Lehnig v. Felton, 235 Pa. Superior Ct. 100, 340 A. 2d 564 (1975); Ammlung v. Platt, supra. Our courts have yet to provide a clear and workable definition of who is a "high public official." Our Supreme Court suggested that this determination "should depend upon the nature of his [the official's] duties, the importance of his office, and particularly whether or not he has policy-making functions.": Montgomery v. City of Philadelphia, supra, 392 Pa. at 186, 140 A. 2d at 105. However, this standard has proved to be nebulous and difficult to apply. See Dubree v. Commonwealth, 8 Pa. Com-

monwealth Ct. 567, 303 A. 2d 530 (1973); Ammlung v. Platt, supra.

Lower level public officials and employes enjoy a conditional immunity from tort liability. This conditional immunity applies only to acts of ordinary negligence performed within the scope of their authority. If the tortious conduct occurs outside the scope of their authority or is allegedly intentional, malicious, wanton or reckless, this conditional immunity is lost: Burton v. Fulton, 49 Pa. 151 (1865); Yealy v. Fink, 43 Pa. 212, 215-216 (1862); Forney v. Harrisburg State Hospital, 18 Pa. Commonwealth Ct. 17, 336 A. 2d 709 (1975); Dubree v. Commonwealth, supra; Ammlung v. Platt, supra.

Defendant maintains that he is a high public official and, therefore, immune from tort liability. In the alternative, he claims conditional immunity as a lower public official. Upon the factual averments found in the complaint, it is unnecessary at this point to decide this question.

As the aforementioned cases illustrate, in order to claim immunity, absolute or conditional, the tortious conduct must be within the scope of the official's authority. The complaint alleges that the conduct complained of occurred outside the scope of any real or apparent authority defendant, a borough councilman, possessed. Our review of the applicable statutes indicates that the powers and duties of a borough councilman are legislative and do not include the authority to maintain and improve borough streets and rights-of-way. See Borough Code of February 1, 1966, P.L. (1965) 1656 (No. 581) secs. 1001 and 1005, as amended, 53 P.S. §§46001 and 46005. Under the factual averments found in the complaint, defendant cannot claim immunity, absolute or conditional.

### III. PUNITIVE DAMAGES

Defendant's final objection is that there are insufficient factual allegations in the complaint to support a claim for punitive damages. With this we disagree.

Punitive damages are damages other than compensatory or nominal damages awarded against a person to punish him for his outrageous conduct, where such conduct was either motivated by malice or done with a reckless indifference to the interests of others: Chambers v. Montgomery, 411 Pa. 339, 192 A. 2d 355 (1963); Focht v. Rabada, 217 Pa. Superior Ct. 35, 268 A. 2d 157 (1970); Restatement, Torts, §908 and Commentary (1939). See also Stevenson v. Economy Bank of Ambridge, 413 Pa. 442, 197 A. 2d 721, 4 A.L.R. 3d 1450 (1964); Huling v. Henderson, 161 Pa. 553, 29 Atl. 276 (1894); Kennedy v. Erdman, 150 Pa. 427, 24 Atl. 643 (1892); Kiel v. Chartiers Gas Co., 131 Pa. 466, 19 Atl. 78 (1890); Esmond v. Liscio, 209 Pa. Superior Ct. 200, 224 A. 2d 793 (1966); Greeny v. Pennsylvania Water Company, 29 Pa. Superior Ct. 136 (1905).

Paragraphs 9 and 11 of the complaint allege that, in causing the borough employes to trespass upon and damage plaintiffs' property, defendant's actions were "malicious, wanton, intentional and reckless." Further, the complaint alleges that defendant knew or should have known that he was acting outside the scope of any real or apparent authority which he possessed as a borough councilman. Pa. R.C.P. No. 1019(b) provides that "malice, intent, knowledge and other conditions of mind may be averred generally." While this rule still requires that plaintiffs plead the material facts constituting such conduct, the general pleading of

motive or a condition of mind is permitted out of necessity: Ammlung v. Platt, supra; 2A Anderson, Pa. Civ. Prac. §1019.42 (1969). Viewed as a whole, the complaint sufficiently apprises defendant of the specific actions complained of and these allegations, coupled with the averments of malice, are sufficient to support a claim for punitive damages. See Pittsburgh Outdoor Advertising Corporation v. Foster Grading Company, 53 D. & C. 2d 339 (Mercer C. P., 1971).

### ORDER

Now, September 17, 1975, in accordance with the accompanying opinion, it is hereby ordered, adjudged and decreed that defendant's preliminary objections are each overruled, and defendant is hereby granted an additional 20 days from the time hereof within which to file a responsive pleading in this matter.