## Cable v. Beaver County

*Mark B. Aronson,* for plaintiff.
*James A. McGregor,* for defendant.

REED, *J.,* March 29, 1977 — This case is before the court on preliminary objections filed by plaintiff to new matter filed by defendant. Plaintiff filed suit against the County of Beaver, alleging that he suffered injuries while a prisoner in the Beaver County Jail as a result of negligent conduct of employes of Beaver County. It should be noted that no employes or officials of Beaver County have been sued and that the only defendant is the county. An answer was filed by defendant denying the allegations of the complaint. Shortly after the answer was filed, defendant filed an amended answer setting forth new matter which asserted the defense of absolute and qualified immunity on behalf of high and low officials of Beaver County. Thereafter, plaintiff filed preliminary objections to the new matter in the nature of a motion to strike. In these preliminary objections, plaintiff alleges that the defense of immunity from suit is not available to the County of Beaver and that the new matter should, therefore, be stricken. Although plaintiff refers to this preliminary objection as a motion to strike, it is clear that this is a preliminary objection in the nature of a demurrer and it will be treated as such. A preliminary objection in the nature of a motion to strike deals with formal errors in a pleading. This preliminary objection is based on the contention that the allegations set forth in the new

matter do not constitute a defense to plaintiff's suit.

The initial question which must be resolved is whether or not plaintiff is entitled to demur to the new matter raising the defense of immunity. A number of cases indicated that this issue may be brought before the court in this manner.In the case of Safeguard Mutual Insurance Co. v. Commonwealth, 4 Pa. Commonwealth Ct. 477 (1972), the Commonwealth raised the defense of sovereign immunity by preliminary objection and the court stated that it was well established that this was an appropriate procedure. See also Meagher v. Commonwealth, 439 Pa. 532, 266 A.2d 684 (1970).

In the new matter filed by defendant, there are no allegations of fact. Defendant is only asserting the legal defense of immunity. In essence, this pleading alleges that the County of Beaver is entitled to the shield of any immunity which public officials of Beaver County would have. It is the contention of defendant that plaintiff may not prove negligence against the County of Beaver by proving negligence of high public officials or low public officials since those public officials are cloaked with immunity. The issue, therefore, is whether or not defendant, County of Beaver, is entitled to assert the absolute or qualified immunity of its employes as a defense in this action.

There is no dispute that under the current state of the law the County of Beaver is not immune from suit. In the case of Ayala v. Philadelphia Board of Public Education, 453 Pa. 584, 305 A.2d 877 (1973), the doctrine of governmental immunity was abolished. That case held that local governmental units, i.e., school districts, counties and

municipalities, are no longer immune from tort liability. In view of the abolition of the doctrine of governmental immunity for municipalities, we have some doubt as to whether or not the employes of those subdivisions of the State Government are any longer entitled to assert the defense of immunity. It could certainly be argued that since the governmental units are no longer immune, the officials employed by those units should not be entitled to absolute or conditional immunity. We have discovered no authority on that particular point and insofar as this particular case is concerned, we do not find it necessary to decide that issue.

The only question which we must decide is whether or not the County of Beaver is entitled to assert the personal immunity of its officials or employes as a defense to plaintiff 's cause of action. After examining the cases dealing with governmental immunity and the abolition thereof, we have concluded that the county cannot assert the personal immunity of its employes, if any exists, as a defense to a claim against it. To conclude otherwise would result in the continuing existence of immunity for municipalities. This would be completely contrary to the pronouncements of the Supreme Court in Ayala, supra, and subsequent cases, which abolished the doctrine of governmental immunity completely and permanently.

In addition, it should be noted that in the cases involving the defense of immunity, this immunity is referred to as being "personal." As a "personal immunity," it exists for the protection of those particular individuals and not for the protection of the governmental unit that they serve. In Lehnig v. Felton, 235 Pa. Superior Ct. 100, 340 A.2d 564 (1975), at p. 103, the court stated:

"The concepts of absolute and conditional immunity for public officials have existed for many years in Pennsylvania. Absolute personal immunity from injuries or damage caused by their actions is granted to 'high governmental officers,' and conditional personal immunity is granted to all other public officers. The purpose of this immunity is to prevent these officials from becoming the victims of overcaution, thus affecting their ability to best carry out their public charges."

This case indicates that the doctrine exists so that these officials will carry out their duties without fear of liability or suit. This rationale supports the proposition that the immunity is for the protection of the individual and not the county or municipal government. It should be noted that in the case now under consideration, there are no individual defendants. The only defendant is the County of Beaver.

In the case of Specter v. Commonwealth, 462 Pa. 474, 341 A.2d 481 (1975), plaintiff brought suit because of an automobile accident which involved a vehicle owned and operated by the Pennsylvania Turnpike Commission. Suit was brought against the Pennsylvania Turnpike Commission and the Commonwealth of Pennsylvania. Preliminary objections in the nature of a demurrer were sustained as to the Commonwealth because of the defense of sovereign immunity. The court held that the Turnpike Commission was not entitled to assert the doctrine of sovereign immunity as a defense and on page 493 stated:

"It follows that the commission is not immune from suit in tort for the acts of its servants and agents acting in the course of their employment or agency. To the extent that prior decisions of this

Court are inconsistent with this holding, they are overruled."

In Laughlin v. Pittsburgh, 226 Pa. Superior Ct. 431, 310 A.2d 289 (1973), a Pittsburgh police officer, who had been pursuing a suspect, negligently shot a bystander. The trial court had sustained preliminary objections and dismissed the complaint on the ground that defendant was immune from suit. The Superior Court citing Ayala reversed and remanded for further proceedings. See also Edwell v. Allegheny County, 226 Pa. Superior Ct. 429, 310 A.2d 340 (1973), and Cromley v. Loyalsock Township School District, 226 Pa. Superior Ct. 433, 310 A.2d 330 (1973). In all of these decisions the negligent conduct was alleged to be attributable to employes of the governmental unit. In view of these cases, we do not think the case of Montgomery v. Philadelphia, 392 Pa. 178, 140 A.2d 100 (1958), which is the only case cited by defendant in support of its position, would be followed by any of our appellate courts.

For all of the reasons set forth in the foregoing opinion, we make the following

### ORDER

Now, March 29, 1977, the preliminary objections of plaintiff to the new matter filed by defendant are hereby sustained and the new matter is stricken.