Donna Brown Kovach, Plaintiff, *v.* Toensmeier Adjustment Service, Inc., Victor Marks, Leonard Packel, Burton D. Morris, Israel Packel, Attorney General of the Commonwealth of Pennsylvania, and J. Shane Creamer and Herbert Denenberg, Insurance Commissioner of the Commonwealth of Pennsylvania, Defendants.

Argued February 6, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Joel M. Lieberman,* with him *Gekoski & Bogdanoff,* P. C., for plaintiff.

*J. Justin Blewitt, Jr.,* Deputy Attorney General, with him *Lawrence Silver,* Deputy Attorney General, for defendant public officials.

OPINION BY JUDGE CRUMLISH, JR., June 21, 1974:

Before us for determination are preliminary objections by five of the seven defendants[1] to a Complaint in Trespass essentially alleging that the defendants conspired to withhold from plaintiff the name of the op-

---

[1] The corporate defendant, Toensmeier Adjustment Service, Inc., and defendant, Victor Marks, an employe of the corporate defendant, filed an answer to the complaint, and their status is not here in question.

erator of a National Guard jeep in which plaintiff was injured while riding as a passenger. In doing so, the plaintiff alleges that she was unable to recover damages from the operator. The preliminary objections are in the nature of a demurrer to the complaint as failing to state a recognized cause of action, and raise the defense of sovereign immunity vested in the defendants as public officials of the Commonwealth while acting officially within the scope of their authority. For the purpose of disposing of the defendants' preliminary objections, we must accept as true all well and clearly pleaded facts, but not conclusions or averments of law. *Powell v. Aytch,* 10 Pa. Commonwealth Ct. 218, 309 A. 2d 734 (1973). Although many of the pleadings lack specificity of fact and constitute conclusions of law, the pleadings facially reveal a fatal flaw in plaintiff's cause of action—the doctrine of sovereign immunity—which necessitates that we sustain the preliminary objections and dismiss the complaint.

The jeep accident in which plaintiff was involved occurred in August of 1969. Plaintiff, by her guardians, brought a trespass action against the Commonwealth in 1971, seeking damages for her injuries. This Court sustained the Commonwealth's preliminary objections to this action finding Plaintiff's cause of action to be barred by sovereign immunity in *Brown v. National Guard,* 3 Pa. Commonwealth Ct. 457 (1971). This holding was affirmed by our Supreme Court in *Brown v. Commonwealth,* 453 Pa. 566, 305 A. 2d 868 (1973). During the course of this litigation, defendants Leonard Packel and Burton Morris, attorneys representing the Commonwealth before this Court and the Supreme Court, failed to comply with an informal request by plaintiff's counsel that they reveal the name and whereabouts of the operator of the jeep.[2] Plaintiff

---

[2] Plaintiff also avers that defendant Morris was ordered by the Supreme Court, during oral argument, to divulge to plaintiff the

further alleges that this omission was undertaken with the "expressed or implied authority" of defendants J. Shane Creamer and Israel Packel. The record before us reveals, however, that plaintiff failed to engage any means of legal discovery available to her until December 1973, when interrogatories were served on the defendants. They were answered promptly by defendants.

The gravamen of plaintiff's action against defendant, Herbert Denenberg, is that, as part of his "duty to supervise insurance companies in the Commonwealth of Pennsylvania," he should have ordered defendant, Toensmeier Adjustment Service, Inc. and Victor Marks, to disclose the identity of the jeep driver.

We have painfully read plaintiff's complaint, and we are convinced that it contains no allegations of actions by the defendants in their individual capacities which would constitute a valid cause of action. This Court is at a loss to understand what legal *duty* defendants as private individuals had to inform plaintiff of the identity of the jeep driver. Although plaintiff inartfully refers to defendants as private individuals, it is patently clear, from the pleadings, that the actions or omissions of defendants were undertaken by them in the course of their duties as public officials representing the Commonwealth in the litigation arising from the accident. As of this writing, they are still immune from civil liability. Our remaining inquiry revolves around the question of whether that immunity is absolute or conditional.

In *Dubree, Jr., Executor v. Commonwealth,* 8 Pa. Commonwealth Ct. 567, 303 A. 2d 530 (1973), this Court delineated the scope of the individual liability

---

name of the driver; but that defendant Morris refused to comply with this order. We must take judicial notice that the docket entries in *Brown v. Commonwealth* (215 January Term, 1972) do not reveal a formal order to have been entered.

and concomitant immunity of public officials and employees of this Commonwealth:

"As to 'high public officials,' our Supreme Court considered the question of immunity in a defamation case involving the Attorney General, Matson v. Margiotti, 371 Pa. 188, 88 A. 2d 892 (1952). It held there that a high public official, *'when acting officially, and within the scope of his authority, has absolute privilege, protection and immunity from civil liability with respect to his official communications and his official acts.'* (Emphasis in original). 371 Pa. at 196, 88 A. 2d at 896. This ruling was followed in another defamation case, Montgomery v. Philadelphia, 392 Pa. 178, 140 A. 2d 100 (1958), in which the Court held that the Philadelphia Deputy Commissioner of Public Property and the City Architect were high public officials entitled to absolute immunity. Moreover, in Jonnet v. Bodick, 431 Pa. 59, 244 A. 2d 751 (1968), the Court made it clear that this doctrine was not confined to defamation cases, but that no action taken by a high public official (in that case, a township supervisor) in the course of his duties and within the scope of his authority deprives him of absolute immunity.

"The Supreme Court, however, has yet to define clearly who is a 'high public official.' In Montgomery v. Philadelphia, supra, it suggests that the test of whether or not a public officer is in that category 'should depend upon the nature of his duties, the importance of his office, and particularly whether or not he has policymaking functions.' 392 Pa. at 186, 140 A. 2d at 105.

". . . To place liability upon a public official who is not a high public official . . . it is merely necessary to show that the officer concerned was not acting within the scope of his authority, and that the conduct complained of was intentional, as well as malicious, wanton

or reckless." 8 Pa. Commonwealth Ct. at 570, 571, 574, 575, 303 A. 2d at 532, 534.

Applying this standard, there is no question that defendants J. Shane Creamer, Israel Packel and Herbert Denenberg were acting in their respective official capacities as past and present Attorneys General and State Insurance Commissioner, and are high public officials which entitle them to absolute immunity. *Matson v. Margiotti, supra; McKoy, Executor v. Liquor Control Board,* 9 Pa. Commonwealth Ct. 107, 305 A. 2d 746 (1973). Defendants, Leonard Packel and Burton Morris, in representing the Commonwealth in litigation as deputy attorneys general,[3] might well fall within the definition of "high public official" as suggested in *Montgomery v. Philadelphia, supra; see also Jaffurs v. O'Neill,* 10 Pa. Commonwealth Ct. 346, 310 A. 2d 698 (1973). We need not make that determination here, however, as plaintiff failed to meet the basic requirement that she allege that they either acted maliciously or recklessly in discharging their official duties. At the least, they would be entitled to conditional immunity. *Dubree, Jr., Executor v. Commonwealth, supra; Ammlung v. City of Chester,* 224 Pa. Superior Ct. 47, 302 A. 2d 491 (1973).

For the above reasons, we sustain the preliminary objections and dismiss the Complaint.

---

[3] This writer dissented in *Dubree, Jr., Executor v. Commonwealth, supra,* because there, there was no inquiry as to whether the defendant public officials were acting within the scope of their duties at the time of the alleged misconduct. It is patent from the pleadings here, however, that the inaction of these defendants was undertaken within the course of their official duties.