Lehnig et al., Appellants, *v.* Felton et al.

Argued November 13, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John F. Ploeger,* with him *William D. Phillips,* and *Truel & Ploeger,* for appellants.

*Richard J. Mills,* with him *James A. Mollica,* and *Meyer, Darragh, Buckler, Bebenek & Eck,* for appellees.

OPINION BY PRICE, J., June 24, 1975:

This case was brought as wrongful death and survival actions in trespass on behalf of Ella Mae Lehnig, Execu-

trix of the Estate of Alfred H. Lehnig, deceased. Glasgow, Inc., also instituted suit against the defendants to recover approximately $50,000 worth of damages caused to their equipment as a result of the accident. The lower court granted summary judgment in favor of all defendants and this appeal followed.

There is no dispute between the parties as to the facts. On June 28, 1971, Alfred H. Lehnig was hauling heavy equipment on a tractor-trailer outfit owned by Glasgow, Inc. Lehnig was proceeding west on Interstate Route 70, South Strabane Township, Washington County, Pennsylvania. The vehicle struck a "pot-hole," went through the guard rails, and crashed over an embankment. Lehnig died as a result of injuries sustained in the accident. Appellants brought this suit against the appellees, who are employees of the Commonwealth, personally. The complaint alleged that at the time of the accident, appellee, Howard Felton, was the superintendent of maintenance in Washington County for the Pennsylvania Department of Transportation (PennDOT) ; that appellee, C. E. Karns, was the principal assistant superintendent of District 120 of PennDOT; that appellee, Albert Santucci was the district maintenance engineer for District 120 of PennDOT; and that appellees, Van Harris, Peter Sweady, Bruno Spotti, and Paul Martin, were foremen for PennDOT. The Commonwealth was not a party to the suit.

Appellants contend that the accident resulted from the negligence of the appellees in failing to properly maintain the highway and in failing to properly warn the decedent of conditions existing on the highway. The appellants allege only ordinary negligence on the part of the employees.

When determining the propriety of the grant of summary judgment, " 'the court must take that view of the evidence most favorable to the party against whom the

motion is directed, giving to that party the benefit of all favorable inferences that might reasonably be drawn from the evidence, thereby placing the burden of proving the absence of any factual issue on the movant.' *Michigan Bank v. Steensen*, 211 Pa. Superior Ct. 405, 406 (1967)." *Moore v. Zimmerman*, 221 Pa. Superior Ct. 359, 360-361, 292 A.2d 458, 459 (1972). Using this standard and applying the applicable law of the Commonwealth, we affirm the lower court's grant of summary judgment.

The concepts of absolute and conditional immunity for public officials have existed for many years in Pennsylvania. Absolute personal immunity from injuries or damage caused by their actions is granted to "high governmental officers," and conditional personal immunity is granted to all other public officers. The purpose of this immunity is to prevent these officials from becoming the victims of overcaution, thus affecting their ability to best carry out their public charges. *Ammlung v. Platt*, 224 Pa. Superior Ct. 47, 302 A.2d 491 (1973). At the very least, the appellees would be entitled to conditional immunity if their actions fall within proper guidelines.

In the case of *Yealy v. Fink*, 43 Pa. 212 (1862), our Supreme Court held that township officers were entitled to immunity from personal suit when they were acting within the limits of their authority, even if they acted in a negligent manner. The court stated: "Yet it seems to be established that if a public officer acts maliciously or wantonly; if the work which he performs be done rather to injure a private individual than to discharge a public duty; he is responsible for the consequences. He cannot recklessly, wantonly, or maliciously invade private rights, and protect himself under the authority of the law. He is not allowed to find shelter under the wing of public authority when he is assailed for acts done for the gratification of his own malignant feelings, or with a wicked disregard of the interests of others. . . . A mere intent to do an act which must work harm to the plaintiff

was not enough to strip them of their shield. They were defenceless only if their intent to injure the plaintiff was malicious, or so wanton and reckless as to prove that it was malicious. . . . [T]he plaintiff could not recover unless the defendants had acted with a *malicious* design to do him injury, or with such a reckless and wanton disregard of his interests as would be equivalent to malicious intent." 43 Pa. at 216-218 (emphasis original).

Our Supreme Court again considered this question in *Burton v. Fulton,* 49 Pa. 151 (1865). The court held: "The defendants, being public officers, and acting within the undoubted scope of their authority, so far as displacing the plaintiff was concerned, are not answerable in damages for the consequences of their acts, unless malice and injury were the impelling motives. The law presumes nothing like this as against them: it was therefore incumbent on the plaintiff to prove it upon them." 49 Pa. at 154-155. If these venerable cases still represent the law of the Commonwealth, it is clear that before appellants can recover, they must show more than ordinary negligence; they must show wanton and malicious conduct. In addition, appellants must do more than merely allege wanton and malicious conduct; they have the burden of proving such conduct.

A review of the more recent cases addressing the concept of conditional immunity for public officers reveals that the concept has withstood the storms which have toppled many forms of immunity. It has recently been reaffirmed by our court in *Ammlung v. Platt, supra;* by other courts of the Commonwealth in *Kovach v. Toensmeier Adjustment Service, Inc.,* 14 Pa. Commonwealth Ct. 214, 321 A.2d 422 (1974), and in *DuBree, Jr., Executor, v. Commonwealth,* 8 Pa. Commonwealth Ct. 567, 303 A.2d 530 (1973) ; and by Federal courts applying our law in *Daye v. Commonwealth of Pennsylvania,* 483 F.2d 294 (3d Cir. 1973).

Since *Yealy, supra,* and *Burton, supra,* do still represent the applicable law, we must apply the present facts

to the appropriate guidelines to determine if summary judgment was improperly granted. It is immediately evident that appellants have totally failed to meet their burden. Not only have they failed to prove wanton and malicious conduct on the part of appellees, but they acknowledge in their complaint and in their brief that they are charging appellees only with *ordinary* negligence.

Appellants admit that under present law, they have failed to meet their burden. Appellants, therefore, urge this court to overrule more than 100 years of clear precedent, and hold that public officials will be held liable if they are guilty of mere ordinary negligence. If we were to agree with appellants and abolish conditional immunity for public officials, we fear that progress would be placed in a permanent holding pattern wherein no advance would be made, but rather officials would be concerned solely with constantly re-checking what has already been done. Many of the benefits government now confers on the populace would stagnate. We will not expose public officials to unbridled liability for all injuries which may have been caused by such ordinary negligence in the normal course of the business of government. We agree with the Commonwealth Court in *DuBree, Jr., Executor, v. Commonwealth, supra,* that: "[u]pon a careful review and evaluation of these precedents, it appears to us that the doctrines expounded in *Burton, supra,* and *Yealy, supra,* are still the law of Pennsylvania and must be adhered to by this Court, and, since we continue to credit the Commonwealth with sovereign immunity, it is still as true as it was in the 19th century that such immunity would be unvailing [*sic*] if there were not also some form of immunity granted to those officers and employees whom the Commonwealth must necessarily employ." 8 Pa. Commonwealth Ct. at 574, 303 A.2d at 534.

We affirm the order of the lower court.