Ronald C. Walter, Plaintiff *v.* Commonwealth of Pennsylvania and Ronald J. Marks and Clyde McCormick, Defendants.

William Mignona, Jr. and Dawn Mignona, his wife, Plaintiffs *v.* Commonwealth of Pennsylvania and Ronald J. Marks and Clyde McCormick, Defendants.

Argued January 8, 1976, before Judges KRAMER, WILKINSON, JR., and MENCER, sitting as a panel of three.

*Milton M. Borowsky*, with him *Charles F. Love*, and *Freedman, Borowsky* and *Lorry*, for plaintiffs.

*Lawrence Barth*, Assistant Attorney General, with him *Michael von Moschzisker*, Deputy Attorney General, and *Robert P. Kane*, Attorney General, for defendant, Commonwealth.

*Joseph Goldberg*, Assistant Attorney General, with him *John Antonuk*, Deputy Attorney General, *Lawrence Silver*, Deputy Attorney General, *Edwin L. Scherlis*, and *Frank & Margolis*, for defendants, Marks and McCormick.

OPINION BY JUDGE WILKINSON, January 26, 1976:

Plaintiff Ronald C. Walter, at No. 847 C. D. 1975, and plaintiffs William Mignona, Jr. and Dawn Mignona, at No. 848 C. D. 1975, have brought an action in trespass within our original jurisdiction naming as defendants the Commonwealth of Pennsylvania and two individuals, Ronald J. Marks and Clyde McCormick, in their respective capacities as Superintendent and Garage Superintendent, Department of Farm Vehicles, of the State Correctional Institution at Graterford, Pennsylvania. It is alleged that on August 26, 1974, while they attempted to balance a wheel and tire taken from a vehicle owned by the Commonwealth and used at the Graterford prison, plaintiffs Walter and Mignona, Jr. were seriously injured when the tire exploded and blew off the wheel rim. Accordingly, plaintiffs seek to recover the damages sustained. Preliminary objections to our jurisdiction have

been filed by the Commonwealth, based upon sovereign immunity, and by the individual defendants, grounded on absolute or conditional immunity. We are required to sustain the objections and must dismiss the complaints.

It is well established that, absent legislative consent, the Commonwealth is immune from suit in tort. *Brown v. Commonwealth,* 453 Pa. 566, 305 A.2d 868 (1973). We reject plaintiffs' suggestion that the doctrine of sovereign immunity should be judicially abrogated as an anachronism of the common law. An identical contention was denied by our Supreme Court in *Brown, supra,* and we cannot set aside superior appellate authority. *E.g., Tarantino v. Allentown State Hospital,* 16 Pa. Commonwealth Ct. 133, 329 A.2d 291 (1974).

It is further well established that the immunity of the Commonwealth has been extended absolutely to high public officials of the State acting within the scope of their authority. *DuBree v. Commonwealth,* 8 Pa. Commonwealth Ct. 567, 303 A.2d 530 (1973). Moreover, the immunity has been attributed to employees of the Commonwealth who are not high public officials conditioned, however, on their acting within the scope of their employment and not in an intentionally malicious, wanton or reckless manner. *Id.* In this case, plaintiffs' allegations against the individual defendants, given the greatest possible weight, point to nothing more than ordinary negligence committed within the scope of authority. The averments do not indicate such intentionally malicious, wanton or reckless conduct as would overcome the presumption of conditional immunity, much less the presumption of absolute immunity. Consequently, we need not decide the official status of defendants Marks and McCormick and hold them protected at least by conditional immunity.

We cannot accept plaintiffs' argument that conditional immunity only applies to discretionary actions, exposing nondiscretionary conduct to ordinary negligence principles. The policy behind the immunity which is expressed

in *DuBree, supra,* 8 Pa. Commonwealth Ct. at 574, 303 A.2d at 534 — to protect the unfettered discharge of public business thereby removing any inhibition which might deprive the public of the best services of its officials — is equally applicable to nondiscretionary as well as discretionary actions.

Accordingly, we enter the following

ORDER

Now, January 26, 1976, the preliminary objections of the defendant Commonwealth of Pennsylvania and defendants Ronald J. Marks and Clyde McCormick, at No. 847 C. D. 1975 and No. 848 C. D. 1975, are hereby sustained, and the complaints against them at the aforesaid docket numbers are hereby dismissed.