Michele TEAGUE, et al.

v.

CONSOLIDATED BATHURST
LIMITED, et al.

v.

MAISLIN TRANSPORT COR-
PORATION, et al.

Civ. A. No. 74–2558.

United States District Court,
E. D. Pennsylvania.

Feb. 18, 1976.

Gerald D. Garfinkle, Philadelphia, Pa., for plaintiffs.

Norman Paul Harvey, William C. Foster, Walter J. Timby, Jr., Edwin L. Scherlis, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

David Teague ("decedent") died as a result of injuries sustained when a tractor-trailer truck which he was driving overturned. The administratrix of the decedent's estate and decedent's two children ("plaintiffs") commenced this diversity action against Consolidated Bathurst Limited and eight of its subsidiaries ("defendants") seeking to recover damages. The complaint alleges that on November 14, 1973, the tractor-trailer truck, which was carrying a load of newsprint, overturned at the intersection of Route 23 and County Line Road in Montgomery County due to the negligent, reckless and careless manner in which defendants, through their agents, servants and employees, loaded the trailer with that newsprint.

Subsequent to the filing of the original complaint, defendants joined various parties as third-party defendants, including eleven (11) Pennsylvania Department of Transportation ("PennDOT") employees and decedent's employer, Maislin Transport Corporation ("Maislin"). Against the PennDOT employees, defendants seek contribution or indemnity, alleging that the accident was caused by their negligent, reckless and intentional failure to properly maintain Route 23. Defendants also seek contribution or indemnity from Maislin, alleging that the accident was caused by Maislin's failure to advise decedent of potential hazards associated with decedent's occupation and of the appropriate measures decedent should have taken to avoid those hazards. Presently before the Court are the PennDOT employees' and Maislin's motions to dismiss defendants' third-party complaints for failure to state a claim upon which relief can be granted.

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the material allegations of the complaint are taken as admitted and the complaint is liberally construed in favor of the plaintiff. *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508, 515–516, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972); *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). An examination of defendants' third-party complaint against the PennDOT employees reveals the following facts. At the time of the accident, the PennDOT employees were low public officials employed by the Commonwealth of Pennsylvania, the Pennsylvania Department of Transportation [1] and the Pennsylvania Department of Highways. They were under a nondiscretionary duty to properly maintain Route 23 where it intersected with County Line Road and to properly equip Route 23 with adequate signs and signals to warn motor vehicle operators of dangerous conditions. Yet, even though the PennDOT employees knew that dangerous conditions existed on Route 23 at its intersection with County Line Road, they failed to take any steps either to correct the dangerous conditions or to warn motorists of those conditions. Such failures to act, defendants allege, constitute negligent, reckless, careless, wanton and intentional conduct which was the cause of the accident resulting in decedent's death.

■ The issue presented is the extent to which employees of the Commonwealth of Pennsylvania are immune from liability for acts committed within the scope of their employment. This Court recently examined this very issue in *Seybold v. Gunther,* 393 F.Supp. 604 (E.D.Pa.), *aff'd mem.,* 524 F.2d 1404 (3d Cir. 1975). Under Pennsylvania law, we found that " 'high public officials' are absolutely immune from tort liability stemming from action taken within the scope of their authority." *Id.* at 606, *citing Montgomery v. Philadelphia,* 392 Pa. 178, 140 A.2d 100 (1958); *Matson v. Margiotti,* 371 Pa. 188, 88 A.2d 892 (1952). We held that for "low public officials" to be conditionally immune

---

1. This Court dismissed defendants' third-party complaint against the Commonwealth of Pennsylvania and the Department of Transportation on July 29, 1975.

from tort liability depended upon whether the alleged wrongful act was discretionary or non-discretionary in nature. If discretionary, low public officials are entitled to conditional immunity if they were acting within the scope of their authority and if their alleged action or failure to act was not intentionally malicious, wanton or reckless. *Dave v. Commonwealth of Pennsylvania*, 483 F.2d 294 (3d Cir. 1973); *Ammlung v. City of Chester*, 224 Pa.Super. 47, 302 A.2d 491 (1973); *Dubree v. Commonwealth of Pennsylvania*, 8 Pa.Cmwlth. 567, 303 A.2d 530 (1973). On the other hand, if they were performing a non-discretionary function, they could be liable if their alleged action or failure to act was negligent. *United States ex rel. Fear v. Rundle*, 506 F.2d 331 (3d Cir. 1974), *cert. denied*, 421 U.S. 1012, 95 S.Ct. 2416, 44 L.Ed.2d 679 (1975).

The PennDOT employees contend, however, that since our decision in *Seybold* and the Third Circuit's decision in *Fear*, the Pennsylvania Superior Court, in *Lehnig v. Felton*, Pa.Super., 340 A.2d 564 (1975), has held that low public officials are entitled to conditional immunity for negligent acts committed within the scope of their employment, regardless of whether those acts involved the exercise of a discretionary or non-discretionary function. After a careful reading of *Lehnig* and a rereading of *Fear*, we conclude that low public officials cannot be liable for merely negligent conduct, notwithstanding the discretionary or non-discretionary nature of the act or failure to act.

In *Fear*, an action was instituted by a prison inmate against two physicians associated with the prison who had treated him for an injury sustained during his incarceration. The plaintiff contended that the physicians had a statutory duty (61 P.S. § 372) to make inquiries concerning the health of each prisoner and, upon learning of any physical infirmity affected by prison treatment, to inform the warden of the condition. The court found that the physicians had a non-discretionary duty to comply with the stat-

ute and that they negligently failed to do so. Over a strong dissent by Judge Garth, the Third Circuit held that the physicians could be liable for their negligent failure to perform a non-discretionary act.

In *Lehnig*, the plaintiffs instituted a wrongful death and survival action, as well as an action to recover equipment damages, against PennDOT's superintendent of maintenance for Washington County, the principal assistant superintendent, the district maintenance engineer and four foremen. The complaint alleged that the accident, in which one of the plaintiff's decedent died, resulted from the defendants' negligent failure to properly maintain the highway and to properly warn the decedent of dangerous conditions existing on the highway. The court, after a review of the Pennsylvania cases dealing with the concept of absolute and conditional immunity for public officials, held that the defendants, as low public officials, could not be held liable for ordinary negligence, but only for wanton and malicious conduct.

This Court is somewhat troubled by the *Lehnig* court's failure to cite *Fear*, as well as its failure to discuss the discretionary—non-discretionary dichotomy. While we cannot explain the first omission, we feel constrained to conclude that the second omission resulted from the Superior Court's belief that whether the duty is discretionary or non-discretionary is not a legally significant distinction. There is no question that the Superior Court had before it a damage suit involving low public officials in the performance of non-discretionary duties. The foremen, at least, were in a position analogous to the physicians in *Fear*, and had a statutory duty to maintain state highways. *See* 36 P.S. § 670-407. Nevertheless, the court perceived a strong public policy in favor of shielding public officers from suits based upon ordinary negligence:

If we were to agree with appellants and abolish conditional immunity for public officials, we fear that progress would be placed in a permanent hold-

ing pattern wherein no advance would be made, but rather officials would be concerned solely with constantly rechecking what has already been done. Many of the benefits government now confers on the populace would stagnate. We will not expose public officials to unbridled liability for all injuries which may have been caused by such ordinary negligence in the normal course of the business of government. Pa.Super., 340 A.2d at 566.

Although this Court held in *Seybold, supra,* 393 F.Supp. at 607, that low public officials who commit negligent acts while performing non-discretionary duties are not entitled to conditional immunity, a similar holding in this case could not stand in light of the Superior Court's holding in *Lehnig.* Accordingly, the PennDOT employees' motion to dismiss will be granted to the extent defendants' third-party complaint refers to the negligent and careless conduct of the PennDOT employees.

■ Concerning the remaining portion of defendants' third-party complaint alleging reckless, wanton and intentional misconduct, the allegations patently lack specificity of fact and are nothing more than conclusions of law. For example, it is alleged that the PennDOT employees were "low public officials with non-discretionary duties and functions." Further on, it is alleged that they knew of the dangerous conditions in existence on Route 23. Nowhere do defendants plead specific facts upon which they base those conclusions. Thus, the Court has no way of evaluating whether the PennDOT employees were high or low public officials, whether they were involved in the exercise of discretionary or non-discretionary duties, what the dangerous conditions were and whether they knew or should have known of those conditions. For all we know, one of the PennDOT employees could be the head of the Pennsylvania Department of Highways who never had any direct working contact with Route 23. Accordingly, defendants will be instructed to file an amended complaint setting forth specific *fact* allegations, so as to enable this Court to properly rule on a Rule 12(b)(6) motion to dismiss.

■ In support of its motion to dismiss, Maislin relies solely on a recent amendment to The Pennsylvania Workmen's Compensation Act, 77 P.S. § 1 *et seq.,* which, with one exception which is not applicable in this case, exempts an employer from liability to a third party for damages, contribution or indemnity in the event of injury or death to its employee which is caused by that third party.[2] Since defendants' cause of action accrued against Maislin prior to the amendment's effective date, the issue presented is whether the amendment should be given retroactive application so as to extinguish defendants' preexisting right to seek contribution or indemnity from Maislin.

Preliminarily, we note that, prior to the amendment, third-party tortfeasors in Pennsylvania had a right to contribution from a negligent employer, but that the employer's duty to contribute did not exceed his liability under the workmen's compensation statute. *Hattersley v. Bollt,* 512 F.2d 209 (3d Cir. 1975); *Chamberlain v. Carborundum Company,* 485 F.2d 31 (3d Cir. 1973); *Elston v. Indus-*

2. 77 P.S. § 481 (Supp.1975) provides:
Exclusiveness of remedy; actions by and against third party; contract indemnifying third party

\* \* \* \* \* \*

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

**984**

*trial Lift Truck Co.,* 420 Pa. 97, 216 A.2d 318 (1966); *Brown v. Dickey,* 397 Pa. 454, 155 A.2d 836 (1959); *Maio v. Fahs,* 339 Pa. 180, 14 A.2d 105 (1940). Thus, if the amendment is accorded prospective application only, defendants' possible recovery against Maislin will be limited to Maislin's workmen's compensation liability to decedent.

We need go no further than the Statutory Construction Act of May 28, 1937, P.L. 1019, art. IV, § 56, 46 P.S. § 556. The Act makes clear that "[n]o law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature." *See Misitis v. Steel City Piping Company,* 441 Pa. 339, 272 A.2d 883 (1971). We are unable to discern a clear and manifest intent by the Legislature to give section 481(b) retroactive effect. In fact, that section is completely silent on this issue. If the Legislature intended to eliminate defendants' cause of action against Maislin, which arose prior to the effective date of the amendment, it should have expressly stated as much. It did not do so. Accordingly, Maislin's motion to dismiss will be denied.[3]

---

**3.** The courts in this district have reached the same conclusion. *See Yedman v. Lebus, Inc.,* Civil No. 75–2492 (E.D.Pa., filed Jan. 19, 1976); *Haas v. Stinson Manufacturing Corp.,* Civil No. 75–932 (E.D.Pa., filed Sept. 26, 1975).