## Howard v. Stewart

*Sylvan Einhorn,* for plaintiff.
*Jos. Goldberg,* for defendant Knight.

TAKIFF, *J.,* May 21, 1976—Plaintiff brought this action in trespass for damages for injuries allegedly suffered from an assault by Harvey Stewart, an employe of Camelot Detective Agency, Inc., assigned to a Pennsylvania State Liquor Store while plaintiff was a customer at the store for which Charles H. Knight was the manager. The complaint alleges that Charles H. Knight was negligent in employing Harvey Stewart as an armed guard when he knew or should have known that Harvey Stewart was irresponsible, dangerous to the public and incapable of exercising, with proper care and good judgment, the responsibility required of him on the job. Charles H. Knight filed preliminary objections in the nature of a demurrer on the grounds that, acting within the scope of his employment as manager of the State Store, he is immune from suit, absent an averment and proof of malice, wantonness or recklessness, none of which are averred in plaintiff's complaint. Plaintiff in his answer to preliminary objections relies on paragraph 7 of the complaint which avers:

"At the date, time and place aforesaid, the defendant, Harvey Stewart, the agent, workman, servant and employee of the defendant, Camelot

Detective Agency, Inc. and acting under the control of the defendant Charles H. Knight, manager of said liquor store, without just cause, wilfully and maliciously struck and shot the plaintiff causing injuries to said plaintiff as more fully hereinafter described."

It is settled law in Pennsylvania that where a State official, acting within the scope of his employment, tortiously injures another, that official is liable only where it is shown his conduct was intentional, malicious, wanton or reckless: Lehnig v. Felton, 235 Pa. Superior Ct. 100, 340 A.2d 564 (1975). Plaintiff does not dispute this basic principle of our law but relies on the above-quoted paragraph of his complaint, alleging that Harvey Stewart's willful and malicious act was performed under the control of Charles H. Knight and that Stewart's alleged malice is imputed to Knight.

The basic elements to establish either intentional, malicious or wanton conduct on the part of defendant Knight have not been pleaded except in a conclusionary manner.

The essential elements to show reckless disregard of plaintiff's safety are threefold: (1) That defendant consciously chose a course of conduct which placed plaintiff in a perilous situation; (2) that this action involved a risk of harm substantially greater than that which is required for a finding of negligence; and (3) that defendant either knew that his conduct would expose plaintiff to serious danger or had knowledge of facts which would have disclosed the imminence of danger to a reasonable man: Golden v. Sommers, 56 F.R.D. 3 (M.D.Pa. 1972); Parker v. Jones, 423 Pa. 15, 223 A.2d 229 (1966); Evans v. Philadelphia Transportation Co., 418 Pa. 567, 212 A.2d 440 (1965).

The complaint here filed is inartful and wanting in specificity as to defendant Knight. It pleads that Stewart was the agent of Camelot "acting under the control of" Knight and that Stewart acted "wilfully and maliciously"; that Knight was "negligent" in employing Stewart and that such "gross negligence was tautamount [sic!] to wilful and malicious conduct." These averments straddle between negligence, which would immunize Knight, and intentionally malicious, wanton or reckless conduct for which Knight may be responsible under Lehnig, supra. See also DuBree v. Commonwealth, et al, 8 Pa. Commonwealth Ct. 567, 303 A.2d 530 (1973), allocatur denied in the Superior Court September 5, 1973, now pending in the Supreme court.

If Stewart's conduct was wilful and malicious, as pleaded, it would take him out of the "control" of Knight so as to bar vicarious liability on any doctrine of imputed responsibility. Knight's liability, if any, would rest only upon his recklessness in permitting Stewart to serve as an armed guard at the establishment for which Knight was manager "when (he) knew or should have known that said Harvey Stewart was irresponsible, dangerous to the public and incapable of exercising with proper care and good judgment, the responsibility required of him on the job." These words and phrases are conclusionary generalities, at best. Giving them the greatest weight possible, they suggest negligence only.

While we respect the fact that a pleading need not be a script of all ultimate evidentiary matters to be revealed at pretrial discovery or at trial, it should at least contain sufficiently identifiable factual averments to put an adversary on reasonable notice of the structure of the claim so as to be

able to confront the issue responsively. Particularly is this so where, as here, punitive damages are sought: (3 Standard Pa. Pract. 459, §187; Mazzarella v. Lehigh Foundations, Inc., 49 D. & C.2d 198 (1969), and this defendant, as the employe of the Commonwealth of Pennsylvania, impliedly acting within the scope of his authority, is the beneficiary of a conditional immunity under our existing law.

## ORDER

And now, May 21, 1976, upon consideration of the preliminary objections filed on behalf of defendant, Charles H. Knight, the answer thereto and the respective memoranda of law, the preliminary objections are sustained, with leave to plaintiff to file a more specific amended complaint within 20 days from the date hereof or the action shall be dismissed as to this defendant, with prejudice.