## Wisniewski v. Davis

*James A. Lewis,* and *William F. Manifesto,* for plaintiffs.

*Michael L. Magulick,* for defendant.

WETTICK, *J.,* June 20, 1978—These actions arise out of a November 3, 1973, accident in which an automobile driven by Donald G. Miller and carrying John J. Wisniewski was allegedly struck

by an automobile negligently operated by defendant, Adrian Lynn Davis. At the time of the accident, defendant, pursuant to her employment as a dog law officer in the Bureau of Dog Law Enforcement for the Commonwealth of Pennsylvania's Department of Agriculture, was operating an automobile owned by the Commonwealth of Pennsylvania in connection with an investigation of a complaint regarding roaming dogs in the Oakland section of Pittsburgh.

Defendant has filed a motion for summary judgment in which she contends that, as an employe of the Commonwealth of Pennsylvania, she is afforded personal immunity from liability for ordinary negligent conduct occurring while she is acting within the scope of her employment. In support of her motion, defendant relies on recent Commonwealth and Superior Court cases which hold that state employes are immune from liability absent evidence that their conduct has been intentionally malicious, wanton or reckless.[1]

In the case of DuBree v. Com., 8 Pa. Commonwealth Ct. 567, 303 A. 2d 530 (1973), a damage action was brought against various individual state employes who, after removing a bridge, had allegedly provided an inadequate warning of the excavation to motorists. The lower court ruled that the individual defendants were immune and the Commonwealth Court affirmed the dismissal of the complaint. In its opinion, the Commonwealth Court held that the individual defendants who are not high public officials are immune from liability

---

1. At oral argument, plaintiffs conceded that they are charging defendant only with ordinary negligence in the operation of her motor vehicle.

from ordinary negligent behavior. According to the Commonwealth Court, Pennsylvania Supreme Court rulings in the 1860s in the cases of Burton v. Fulton, 49 Pa. 151 (1865), and Yealy v. Fink, 43 Pa. 212 (1862), "established that public officials acting within the scope of their authority are not answerable in damages for the consequences of their acts unless malice and injury were the impelling motives," 303 A. 2d at 533, that "the doctrines expounded in Burton, supra, and Yealy, supra, are still the law of Pennsylvania and must be adhered to by this Court, and, since we continue to credit the Commonwealth with sovereign immunity, it is still true as it was in the 19th century that such immunity would be [unavailing] if there were not also some form of immunity granted to those officers and employees whom the Commonwealth must necessarily employ." 8 Pa. Commonwealth Ct. 574, 303 A. 2d at 534.[2]

In the case of Lehnig v. Felton, 235 Pa. Superior Ct. 100, 340 A. 3d 564 (1975), a damage action was brought against PennDOT maintenance officials who were charged with ordinary negligence in failing to maintain a highway and to warn motorists of its dangerous conditions. The Superior Court affirmed the lower court's dismissal of this action because "Yealy, supra, and Burton, supra, do still represent the applicable law" and that "appellants have totally failed to meet their burden" in that "they are charging appellees only with *ordinary*

2. The DuBree v. Com. ruling has been followed in Kovach v. Toensmeier Adjustment Service, Inc., 14 Pa. Commonwealth Ct. 214, 321 A. 2d 422 (1974); Walter v. Com., 23 Pa. Commonwealth Ct. 97, 350 A. 2d 440 (1976); and Harris v. Rundle, 27 Pa. Commonwealth Ct. 445, 336 A. 2d 970 (1976).

negligence." 235 Pa. Superior Ct. 104, 105, 340 A. 2d at 566. Also see Ammlung v. Platt, 224 Pa. Superior Ct. 47, 302 A. 2d 491 (1973).[3]

The primary rationale for protecting lower level state employes from liability for injuries caused by ordinary negligence in the normal course of their business is the fear that exposing public officials to liability for negligent conduct would place progress "in a permanent holding pattern wherein no advance would be made, but rather officials would be concerned solely with constantly re-checking what has already been done [and] [m]any of the benefits government now confers on the populace would stagnate." Lehnig v. Felton, supra, 235 Pa. Superior Ct. 105, 340 A. 2d at 566. Furthermore, where the negligence charge concerns the manner in which a public official exercised his or her judgment, immunity exists "to prevent an excess of caution, based upon considerations of personal liability or subjection to suit, from influencing a decision requiring the exercise of judgment. . . . [because] [o]n balance, it is thought that the injury to the public resulting from an overcaution by officials on matters of judgment would outweigh the injury to private persons which would result from an absence of caution." DuBree v. Com., supra, at 8

---

3. Plaintiffs' reliance on Freach v. Com., 471 Pa. 558, 370 A. 2d 1163 (1977), is misplaced because in that case the Pennsylvania Supreme Court limited the protection of a public employe from liability solely on the grounds that the Mental Health and Mental Retardation Act narrowed the common law doctrine of official immunity for wrongful acts done pursuant to the act. In the present case, defendant's actions were obviously not done pursuant to the Mental Health and Mental Retardation Act, so Freach is inapplicable.

Pa. Commonwealth Ct. 574, 303 A. 2d 533-4, quoting Ammlung v. Platt, supra, at 224 Pa. Superior Ct. 52, 302 A. 2d at 494.

This rationale is inapplicable to the neglignet operation of a motor vehicle in a non-emergency situation. Here the exercise of greater caution will neither interfere with an employe's performance of his or her work nor cause greater supervision or review of the employe's work. Consequently, we shall not extend the case law protecting a Commonwealth employe from civil liability for injuries caused by ordinary negligence to the situation in which recovery is sought for the negligent operation of a motor vehicle by a Commonwealth employe in a non-emergency situation.

In reaching this result, we are aware of the Commonwealth Court's statement in Walter v. Com., supra, that

"We cannot accept plaintiffs' argument that conditional immunity only applies to discretionary actions, exposing nondiscretionary conduct to ordinary negligence principles. The policy behind the immunity which is expressed in DuBree, supra, [citation omitted]—to protect the unfettered discharge of public business thereby removing any inhibition which might deprive the public of the best services of its officials—is equally applicable to nondiscretionary as well as discretionary actions." 23 Pa. Commonwealth Ct. 99, 100, 350 A. 2d at 442.

We do not believe that this statement is applicable to the negligent operation of a vehicle in a non-emergency situation because there is little risk that subjecting an employe to liability in this situation will inhibit the employe in exercising his or her

official responsibilities. See, generally, United States ex rel. Fear v. Rundle, 506 F. 2d 331 (3d C.C.A. 1974).

For these reasons, we deny defendant's motion for summary judgment.

## ORDER

And now, June 20, 1978, it is hereby ordered that defendant's motion for summary judgment is denied.