# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Randy F. Anderson,                                   :
                    Appellant                        :
                                                     :
          v.                                         :
                                                     :
Pennsylvania Department of                           :    No. 50 C.D. 2022
Corrections and Kim Smith                            :    Submitted:  April 14, 2023

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                              FILED:  August 3, 2023


Randy F. Anderson (Anderson) appeals, *pro se*, the October 7, 2021 order of the Court of Common Pleas of the 37th Judicial District of Pennsylvania, Forest County Branch (trial court).  The trial court sustained a preliminary objection (Preliminary Objection) in the nature of a demurrer based on sovereign immunity[1] filed on behalf of the Pennsylvania Department of Corrections (Department) and Kim Smith (Smith) (collectively, Appellees) to Anderson's *pro se* "Complaint In Tort (as Amended) Establishing Negligence, Carelessness, and Recklessness Upon Defendant(s)" (Amended Complaint).  Upon review, we reverse and remand for further proceedings.

---

[1] On June 7, 2021, the Pennsylvania Department of Corrections (Department) filed two preliminary objections to Anderson's *pro se* "Complaint In Tort (as Amended) Establishing Negligence, Carelessness, and Recklessness Upon Defendant(s)" (Amended Complaint).  *See* Preliminary Objections to Complaint, filed June 7, 2021.  The first of the two preliminary objections sought dismissal of the Amended Complaint based on lack of jurisdiction resulting from improper service of process.  *See id.*  The trial court overruled this first preliminary objection by order dated August 26, 2021.  *See* Trial Court Order dated August 26, 2021.  The trial court then heard argument on and filed an order sustaining the Department's second preliminary objection, a demurrer based on sovereign immunity, from which order Anderson now appeals in the instant matter.  *See* Trial Court Order dated Oct. 7, 2021.

Anderson, an inmate at State Correctional Institution at Forest (SCI-Forest), wears orthopedic boots to accommodate a deformity of his feet.[2]  *See* Amended Complaint at 4-5.[3]  After a random search of his cell uncovered contraband, prison officials placed Anderson in SCI-Forest's Restricted Housing Unit (RHU).  *See id.*  As part of standard prison transfer procedures, Anderson was required to forfeit his regular clothes and orthopedic boots and wear a jump suit and slip-on shoes during his stay in the RHU.  *See id.*  Anderson claims that, although he received his regular clothes back, his orthopedic boots were never returned to him following his release from the RHU.  *See id.* at 5.  Anderson believes that an unidentified prison employee or inmate worker stole his orthopedic boots while he was temporarily housed in the RHU, and he relayed this theory to prison authorities on multiple occasions.  *See id.*

Anderson filed and prosecuted to final review a grievance regarding the missing orthopedic boots.  *See* Amended Complaint at 6-8 & Exhibits.  Department officials provided Anderson with a new pair of boots, which he alleges were regular, non-orthopedic boots that did not fit him properly and caused his feet to blister.  *See id.*  On January 19, 2018, Anderson requested a new pair of orthopedic boots from Department officials by filing an inmate's request to staff member.  *See id.*  A

___

[2] Anderson requires orthopedic boots because he "was on[c]e electrocuted with such force that it blew his toes off of his left foot, and ½ of his heel on his right foot."  Amended Complaint at 5 (internal quotation marks omitted).

[3] We observe that Anderson filed only the first three pages of the Amended Complaint on April 12, 2019, with the intent that those three pages would replace the first three pages of the Petition for Review previously filed in this Court (Petition for Review) as discussed *infra*.  *See* Letter to Prothonotary/Clerk of Courts dated April 8, 2019, attached to Amended Complaint.  Accordingly, we treat the first three pages of the Amended Complaint and pages 4-10 and the exhibits to the Petition for Review collectively as the Amended Complaint.  *See* Pa.R.Civ.P. 126 (providing that the Pennsylvania Rules of Civil Procedure are to be liberally construed and that "[t]he court at every stage of any . . . action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties").

grievance coordinator responded to Anderson's request, explaining that he had already received a new pair of boots. *See id.* On February 10, 2019, Anderson sent another request for new "medical boots," which request the grievance coordinator forwarded to the Medical Department at SCI-Forest. *See id.* On February 14, 2019, Smith advised Anderson that he was not entitled to receive a new pair of boots as requested, as he had already received an appropriate pair of boots. *See id.*

On February 27, 2019, Anderson filed a *pro se* Petition for Review with this Court. *See Anderson v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 120 M.D. 2019) (Prior Case). The Petition for Review alleged that, as a result of Appellees' negligence, he now has improper footwear that allows him to walk for only short periods of time and otherwise causes injury to his foot. *See* Petition for Review at 8. The Petition for Review effectively sought mandamus relief requiring the Department to provide Anderson with a new pair of orthopedic boots. *See id.* at 9. The Petition for Review also sought a declaration that the Department and Smith violated his rights, as well as nominal and compensatory damages for the loss of the boots and the resulting harm. *See* Petition for Review at 9. Determining it lacked jurisdiction over the claims in the Petition for Review, this Court transferred the matter to the trial court on March 5, 2019. *See* Prior Case Order dated March 5, 2019.

On April 12, 2019, Anderson filed the Amended Complaint in the trial court. Appellees thereafter filed the Preliminary Objection, which argued that the claims of the Amended Complaint were barred by sovereign immunity. On October 7, 2021, the trial court sustained the Preliminary Objection and dismissed the Amended Complaint with prejudice (Dismissal Order). The trial court explained the dismissal as follows:

3

[Anderson] claims that his property was lost or stolen by Department [] employees. However, the only named [Appellees] are the [] Department [] and [] Smith. [Anderson] does not allege that the Department [] itself stole or misplaced his orthopedic boots. [] Smith is named as a defendant solely due to her position as Corrections Health Care Administrator. [Anderson] made no allegation that either of these named [Appellees] misplaced his property and presented no facts as to how these [Appellees] were allegedly acting outside the scope of their duties. This claim is barred by sovereign immunity as [Appellees] are not liable for alleged negligence or intentional tort solely due to their positions and when neither [Appellee] acted outside the scope of their [sic] duties.

Trial Court Memorandum Opinion Pursuant to Pa.R.A.P. 1925(b) (Trial Court Opinion) at 2 (pagination supplied).

On October 19, 2021, Anderson filed an "appeal" of the Dismissal Order, which the trial court treated as a timely filed motion for reconsideration. *See* Trial Court Opinion at 2. Following the trial court's denial of the motion for reconsideration, Anderson timely appealed to this Court. *See id.*

On appeal,[4] Anderson argues that the trial court erred by sustaining the Preliminary Objection because the claims of the Amended Complaint are not barred by sovereign immunity. *See* Anderson's Amended Br. at 1, 6-9. Specifically, Anderson argues that Smith is not named solely by virtue of being in the chain of command at SCI-Forest, but instead was the actual individual who denied his request for replacement orthopedic boots. *See id.* at 7. He also claims that sovereign immunity is waived in this matter because the Amended Complaint sets forth alleged

---

[4] Where a trial court dismisses a complaint as a result of preliminary objections, this Court's review is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Brown v. Wetzel*, 179 A.3d 1161, 1164 n.2 (Pa. Cmwlth. 2018).

negligence pertaining to the deprivation of his non-contraband personal property that was in the care or control of Appellees. *See id.* at 8-9. We agree.

Section 2310 of the Pennsylvania Consolidated Statutes, 1 Pa.C.S. § 2310, provides:

> Pursuant to section 11 of [a]rticle 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 . . . .

1 Pa.C.S. § 2310. Thus, under the doctrine of sovereign immunity, "[t]he Commonwealth is immune from suit in tort, and this immunity extends to employees of the Commonwealth who are not high public officials . . . when they act within the scope of their employment and not in an intentionally malicious, wanton or reckless manner." *McCool v. Dep't of Corr.*, 984 A.2d 565, 570 (Pa. Cmwlth. 2009) (quoting *Walter v. Com.*, 350 A.2d 440, 442 (Pa. Cmwlth. 1976)) (internal brackets and quotation marks omitted). Further, an action for intentional misconduct is barred by sovereign immunity where a Commonwealth actor acted within the scope of his employment. *See La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992). "To be within the scope of employment, the conduct must be of the same general nature as that authorized or incidental to the conduct authorized, occurring

5

substantially within the authorized time, and done to serve the employer." *Robertson v. Zaken* (Pa. Cmwlth., No. 111 C.D. 2019, filed Dec. 22, 2021),[5] slip op. at 9.

Sovereign immunity may be waived, however. As this Court has explained:

> [a] party may proceed against a Commonwealth agency if it can establish that damages would have been recoverable under common law (or a statute creating a cause of action) had the injury been caused by a defendant not protected by sovereign immunity. 42 Pa.C.S. § 8522(a). Additionally, the alleged negligent act must fall within one of the specifically enumerated exceptions provided by the legislature.

*McCool*, 984 A.2d at 570 (quoting *LaChance v. Michael Baker Corp.*, 869 A.2d 1054, 1057 (Pa. Cmwlth. 2005)). Regarding enumerated exceptions, the General Assembly has waived sovereign immunity for Commonwealth parties for claims involving: (1) vehicle liability; (2) medical-professional liability; (3) *care, custody or control of personal property*; (4) Commonwealth real estate, highways, and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, or control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids and vaccines; and (10) sexual abuse. *See* 42 Pa.C.S. § 8522(b).

The instant matter concerns the third enumerated exception to sovereign immunity, which relates to the care, custody, or control of personal property. *See* 42 Pa.C.S. § 8522(b)(3). Regarding this exception, this Court has held that sovereign immunity does not apply to cases where a prisoner sets forth a negligence claim for damages to his personal property caused by the care, or lack

---

[5] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court issued after January 15, 2008, may be cited for their persuasive value.

thereof, of the property while in the possession of Commonwealth parties. *See Williams v. Stickman*, 917 A.2d 915, 918 (Pa. Cmwlth. 2007). In *Williams*, prison officials took possession of a prisoner's television while the prisoner spent time in the RHU. *See id.* at 916-17. The television had been in good working condition when it went into the prison officials' possession. *See id.* at 916. Upon the return of his television after his release from the RHU, the prisoner discovered that the television was damaged and no longer working properly. *See id.* at 916-17. The prisoner brought an action against multiple prison employees. *See id.* at 917. The trial court dismissed the action as frivolous, reasoning that the prison employees were protected by sovereign immunity. *See id.* The trial court further found that the exception set forth in 42 Pa.C.S. § 8522(b)(3) did not apply to injuries to personal property held by the Commonwealth itself, but instead applied only where property held by the Commonwealth causes injury to persons or other property. *See id.* This Court reversed, finding instead that the plain language of Section 8522(b)(3) prevents state employees from raising sovereign immunity as a defense in such a case. *See Williams*, 917 A.2d at 918; *see also Payne v. Whelan* (Pa. Cmwlth., No. 2100 C.D. 2014, filed Aug. 20, 2015) (following *Williams* in disallowing application of sovereign immunity to a case involving damage to a prisoner's personal property while in the possession of prison authorities).

The instant matter is informed by *Williams*. Here, prison officials confiscated Anderson's personal property during his time in the RHU. Upon his release from the RHU, Anderson's property was missing. The Amended Complaint sets forth a claim sounding in negligence seeking recovery of damages caused by Appellees' care of Anderson's orthopedic boots while in the possession of Appellees. *See* Amended Complaint (Petition for Review) at 4-9 (claiming that

Anderson's boots were in Appellees' custody during his time in the RHU and were thereafter missing through Appellees' negligence when he was returned to his regular housing unit). The only appreciable distinction between the instant case and *Williams* is that Williams's television was present and damaged, whereas the boots in question in this matter are missing. For all intents and purposes, the loss of boots in the instant matter equates to the total destruction of the property. The Amended Complaint contends this loss was occasioned by Appellees' collective negligence. *See id.* As such, the negligence claim fits within the enumerated care, custody, or control of personal property exception to sovereign immunity. *See* 42 Pa.C.S. § 8522(b); *Williams*. Therefore, the trial court erred by sustaining the Preliminary Objection and dismissing the Amended Complaint for this reason. Accordingly, we reverse the trial court's order and remand the matter for further proceedings.

Further, while the trial court's order purports to dismiss the entire Amended Complaint, the Trial Court Opinion does not address the constitutional claims raised, the existence of which Appellees acknowledge.[6] As a result, those claims remain viable and should be addressed on remand.[7]

---

[6] *See* Appellees' Br. at 4, 13-20.

[7] The Court acknowledges that Anderson filed a document titled "Affidavit of Notice of Default" (First Affidavit) on June 23, 2023, and another document titled "Second Affidavit of Default § 26.22 Ten Day Notice of Default" (Second Affidavit) on July 25, 2023. Anderson filed the First Affidavit apparently in response to this Court's April 17, 2023 order directing that the matter be decided on briefs, without oral argument. *See* First Affidavit. Anderson filed the Second Affidavit apparently as a result of having received no response to the First Affidavit. *See* Second Affidavit. Upon review, the Court discerns no request for additional cognizable relief within either the First Affidavit or the Second Affidavit. Therefore, to the extent the First Affidavit or the Second Affidavit attempt to raise any claims and/or arguments that would require disposition by this Court, such claims and/or arguments are dismissed as indiscernible.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Randy F. Anderson,      :
            Appellant      :
     :
        v.      :
     :
Pennsylvania Department of      :    No. 50 C.D. 2022
Corrections and Kim Smith      :

PER CURIAM

## O R D E R

AND NOW, this 3rd day of August, 2023, the October 7, 2021 order of the Court of Common Pleas of the 37th Judicial District of Pennsylvania, Forest County Branch (trial court), is REVERSED, and the case is REMANDED to the trial court for further proceedings.

Jurisdiction is relinquished.