449 A.2d 666

**DUNCAN–LAGNESE AND ASSOCIATES, INCORPORATED, a Pennsylvania corporation, Appellant,**

**v.**

**The STONEY CREEK VALLEY SEWER AUTHORITY, Borough of Indian Lake, the Borough of Shanksville and the Township of Stoney Creek.**

Superior Court of Pennsylvania.

Argued May 19, 1982.

Filed Aug. 13, 1982.

Petition for Allowance of Appeal Denied Dec. 6, 1982.

William S. Smith, Pittsburgh, for appellant.

James Rill Cascio, Somerset, for Borough of Indian Lake, appellee.

Kim Richard Gibson, Somerset, for Borough of Shanksville, appellee.

William L. Kimmel, Somerset, for Tp. of Stoney Creek, appellee.

Before HESTER, McEWEN and JOHNSON, JJ.

McEWEN, Judge:

We here consider an appeal from an Order of the Common Pleas Court of Somerset County which sustained the preliminary objections of the Borough of Indian Lake, the Borough of Shanksville and the Township of Stoney Creek and dismissed the complaint as to those three municipal defendants.[1] We affirm.

The three municipalities formed the Stoney Creek Valley Sewer Authority (hereinafter Authority) so as to enable the municipalities to construct a sewage system and thereby comply with requirements of the Department of Environmental Resources acting pursuant to the Clean Streams Act. The plaintiff corporation entered into a contract with the Authority for the performance of certain engineering services in connection with the desired sewer system. The Authority negotiated a loan of $300,000 from the First National Bank of Somerset County, so as to enable the Authority to provide for payment to plaintiff for its services. The Authority was able to secure the loan only after it had entered into an agreement with the three municipalities that the three municipalities would, in the event that the Authority was, on October 1, 1978, in default on the loan from the bank, purchase the final plans and specifications prepared for the Authority by the plaintiff.

The plaintiff acknowledges that there was no contract between the plaintiff and any of the three municipalities alleged in the complaint and here argues that the plaintiff was an intended third party beneficiary of the agreement between the Authority and the three municipalities that the three municipalities would purchase the plans and specifications from the Authority in the event of a default by the Authority upon the loan to the Authority from the bank.

1. The remaining defendant, Stoney Creek Valley Sewer Authority, filed preliminary objections which the court denied. The Authority could not appeal from the interlocutory order of denial and, therefore, that portion of the Order of the Court of Common Pleas is not subject to review by this court.

The Pennsylvania Supreme Court in *Spires v. Hanover Fire Insurance Company*, 364 Pa. 52, 56–67, 70 A.2d 828, 830–31 (1950) expressed the still prevailing principle that the intention of the parties to a contract to create a third party beneficiary must be clearly expressed in the contract:

> To be a third party beneficiary entitled to recover on a contract it is not enough that it be intended by *one* of the parties to the contract and the *third person* that the latter should be a beneficiary, but *both parties to the contract* must so intend and must indicate that intention in the contract; in other words, a promisor cannot be held liable to an alleged beneficiary of a contract unless the latter was within his contemplation at the time the contract was entered into and such liability was intentionally assumed by him in his undertaking; the obligations of the third party must be created and must affirmatively appear in the contract itself. (emphasis in original).

While certain authorities propose to eliminate the requirement that the intent to benefit a third party be expressed in the contract itself and propose to permit the intent of the parties to be determined from the circumstances surrounding the contract as well as from the contract itself, the Supreme Court has not as yet rejected the principle of *Spires, supra.* The Restatement (Second) of Contracts § 302 (1979), has adopted this less rigid requirement:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and
>
>      \*     \*     \*     \*     \*     \*
>
> (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

While the Pennsylvania Supreme Court appears disposed to adopt the view of the current Restatement, *see Pennsylvania Liquor Control Board v. Rapistan, Inc.*, 472 Pa. 36, 371 A.2d 178 (1976); *Silverman v. Food Fair Stores, Inc.*, 407 Pa.

507, 180 A.2d 894 (1962), that disposition has been displayed in cases where neither the construction of the contract nor the circumstances under which it was made would permit the court to conclude that the parties to the contract intended to benefit a third party and it was, therefore, not necessary for the court to express abandonment of *Spires*.

As for this court, our eminent President Judge William F. Cercone has expressed in a fervent dissent that the less severe standard should be adopted—

> In light of the overwhelming weight of authority eschewing any requirement that the *writing* affirmatively establish the intent to benefit a third party, the lower court's entry of judgment on the pleadings of the defendant was error and should be reversed. *Hillbrook Apartments, Inc. v. Nyce Crete Company*, 237 Pa.Super. 565, 582, 352 A.2d 148, 156 (1975).

—but the majority of this court was not inclined to discard the *Spires* rule and noted:

> As sympathetic as we may be to the defense's position, we are not free, as an intermediate appellate court, to overrule the decisional law enunciated by the Supreme Court of Pennsylvania. *Id.*, 237 Pa.Superior Ct. at 573, 352 A.2d at 152.

Certain of the decisions of this court since *Hillbrook Apartments* indicate that this court may share the disposition of the Supreme Court to discard the requirement in *Spires*, but have declined to do so either by reason of the restriction expressed by the majority in *Hillbrook Apartments* or by reason of the failure of litigants, who assert third party beneficiary status, to establish evidence sufficient to permit reasonable reliance that the promisee and promisor intended to create a third party beneficiary.

■ Somerset County Common Pleas Court Judge Norman A. Shaulis reflects in his able Opinion a thorough analysis of the provisions of this contract as well as a studied application of the law to the contract and we agree with his determination.

We perceive the most relevant factors for our consideration and disposition to be:

The contract in quite clear and certain terms expresses in Article X the purpose of the contract when it states:

It is understood and agreed by the parties hereto that the Authority may assign all its right, title and interest in and to this Agreement to the Lending Bank as security for the loan which the Authority will make with said Lending Bank for the purpose of meeting its obligations under the Engineering Agreement and other related obligations, and the Municipalities hereby consent to said assignment and agree to pay or cause to be paid all moneys payable hereunder on their respective behalf on or before October 1, 1978 in accordance with said assignment.

The intention of the municipalities to provide assurance to the bank is clearly expressed.

The *expectation* of the municipalities that the Authority would provide for payment to the engineer from the loan *is clearly expressed but* the municipalities do *not* express *an intention* to confer a third party right upon the engineer; in fact, the purpose of the loan was to enable the Authority to meet "its obligations under the Engineering Agreement and other related obligations . . ."

Paragraphs 30 and 38 of the complaint of plaintiff allege the "stated intent" of the parties was to make the plaintiff a third party beneficiary but the plaintiff alleges only that this stated intent is expressed in the contract. The contract on its face and by its very terms, however, contradicts the conclusion that plaintiff expresses in paragraphs 30 and 38 of the complaint, as the hearing judge has already so perceptively noted.

Plaintiff does not allege that the intention of the parties to make the plaintiff a third party beneficiary can be shown by the circumstances surrounding the contract.

We, therefore, affirm for the reason that the contract upon which plaintiff sues contradicts upon its face plaintiff's theory of claim and for recovery, making it unnecessary for

the courts to demonstrate that the law as stated by the Supreme Court in *Spires* produces a different result from the law reflected as the apparent disposition of the Supreme Court in *Rapistan*.

Order affirmed.