## Ingersoll-Rand Company v.
## Insurance Company of North America

*Eric R. Tobin,* for plaintiff.

*Edward Fagan, Linda W. Levitski* and *Jean M. Keeler,* for Neshaminy Water Resources Authority.

*Carl L. Lindsay Jr.,* for Insurance Company of North America.

GARB, *P.J.,* October 8, 1987—Plaintiff has moved for summary judgment. It will be granted.

This is a suit in assumpsit initially against Insurance Company of North America as the bonding company for Mergentime Corporation. Both Mergentime and Neshaminy Water Resources Authority have been joined as additional defendants.

Mergentime was the prime contractor for the construction of the Point Pleasant Pumping Station. NWRA is the property owner. INA furnished the performance bond. Plaintiff is a sub-contractor to Wertz Engineering Company. Wertz is a sub-contractor to Mergentime.

The chronology of events in this case is significant. The contract between Mergentime and NWRA was executed in December of 1982. Construction began on January 10, 1983. The bond in question was furnished by INA on December 9, 1982. On January 24, 1983, the contract between Mergentime and Wertz was executed. On January 27, 1983, the contract between Wertz and plaintiff was executed. That contract provided for plaintiff to manufacture and deliver the pumps to be used at the pumping station.

In February of 1983, plaintiff received the purchase order from Wertz and commenced work on the pumps and motors. On December 15, 1983, plaintiff shipped various items and submitted invoices therefor. The balance of the work was com-

pleted for the most part by September of 1984. All of the items provided for in the contract between Wertz and plaintiff have been delivered, and there is no suggestion of any complaints with the quality of the workmanship.

The contract between Mergentime and NWRA has been identified as contract no. 60A. On September 11, 1984, a new contract was entered into between NWRA and Wertz which has been identified as contract no. 60B. This contract was entered into by virtue of the fact that Mergentime was permitted to withdraw from the project as a result of a certain contract entered into between it and NWRA. As a result of the entry of contract 60B, Wertz became the prime contractor on the project. As of October 5, 1984, Wertz had paid plaintiff the total of $558,534.70. This left a total balance on the contract between Wertz and plaintiff of $359,565.30. It is that amount which plaintiff seeks in this lawsuit.

In spite of demands made upon it, Wertz has failed to pay the aforesaid balance due and owing to plaintiff. For that reason, plaintiff now seeks compensation from INA as the insurer on the performance bond entered to guarantee the performance of Mergentime as the prime contractor on this project. INA does not contest the fact of proper performance by plaintiff nor is there any dispute over the amount claimed. Rather, INA contends that it is not liable on its performance bond because of the substitution of contract 60B for contract 60A, asserting that it is not the insurer on the performance bond entered at the time of the entry of contract 60B. The foregoing factual contention is correct. However, we must disagree with the legal consequences flowing therefrom.

All of the foregoing facts are established on this record and, in fact, are conceded and admitted by

INA. It is well established that a summary judgment may be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Toth v. Philadelphia,* 213 Pa Super. 282, 247 A.2d 629 (1968). The burden of demonstrating that no genuine material issue of fact exists is on the moving party, and the record must be examined in a light most favorable to the non-moving party. *Schacter v. Albert,* 212 Pa. Super. 58, 239 A.2d 841 (1968). The court must accept as true all well pleaded facts in the nonmoving party's pleadings and other proper evidence submitted in response to the motion, giving that party the benefit of all reasonable inferences to be drawn therefrom. *Toth v. Philadelphia,* supra. In passing upon a motion for summary judgment, the court's function is not to decide issues of fact, but solely to determine whether there is an issue of fact to be tried. All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Schacter v. Albert,* supra. Finally, a summary judgment should be granted only when the case is clear and free from doubt. *McFadden v. American Oil Company,* 215 Pa. Super. 44, 257 A.2d 283 (1969), *Lehnig v. Felton,* 235 Pa. Super. 100, 340 A.2d 564 (1975) and *Johns v. Cheeseman,* 457 Pa. 414, 322 A.2d 648 (1974).

The bond filed by INA was entered pursuant to the Public Works Contractors' Bond Law of 1967, the Act of December 20, 1967, P.L. 869, §1, 8 P.S. §191 et seq. Therein, it is provided in 8 P.S. §193(a) as follows:

"Before any contract exceeding $5,000 for the construction, reconstruction, alteration or repair of

any public building or other public work or public improvement, including highway work, of any contracting body is awarded to any prime contractor, such contractor shall furnish to the contracting body the following bonds, . . .

"(2) a payment bond at 100 percent of the payment amount. Such bond shall be solely for the protection of claimants supplying *labor or materials* to the prime contractor to whom the contract was awarded, *or to any of his subcontractors,* in the prosecution of the work provided for in such contract, and shall be conditioned for the prompt payment of *all such material furnished or labor supplied or performed* in the prosecution of the work. 'Labor or materials' shall include public utility services and reasonable rentals of equipment, but only for periods when the equipment rented is actually used at the site." (emphasis supplied)

It is clear that the bond was entered pursuant to this Act of Assembly. The bond specifically refers to the act. The language of the bond, in many respects, is taken directly from the Public Works Contractors' Bond Law. Specifically, the bond provides that if the principal (Mergentime) and any subcontractor of the principal to whom any portion of the work under the contract shall be subcontracted, shall pay or shall cause to be paid in full all money which shall be due any claimant supplying "labor or materials in the prosecution and performance of the work in accordance with the contract and in accordance with the contract documents," including any amendment, extension or addition to the contract, and/or to the contract documents for material furnished for "material furnished or labor supplied or labor performed" then the bond shall be null and void. It is further provided that the bond shall be solely "for the protection of claimants supplying la-

bor or materials to the principal or to any subcontractor of the princpal in the prosecution of the work covered by the contract, including any amendment, extension or addition to the contract." The bond defines "claimant" as any "individual, firm, partnership, association or corporation" which is a direct quotation from the definitions section of the act.

The bond further provides, referring specifically to the act, that the principal, Mergentime, and the surety, INA, agree that any claimant who has "performed labor or furnished material in the prosecution of the work in accordance with the contract and in accordance with the contract documents," including any amendments, extension or addition to the contract, and who has not been paid therefor in full before the expiration of ninety days after the day on which such claimant performed the last of "such labor or furnished the last of such materials for which payment is claimed" may institute an action upon this bond in the name of the claimant to recover any amount due the claimant for such "labor or material." The foregoing language of the bond is likewise a direct quote from section 4, 8 P.S. § 194 of the act.

Having considered all of the foregoing, we are satisfied that there is no material issue of any fact in this case.

There can be no doubt that plaintiff herein is a third party beneficiary of the contract entered into between Mergentime and INA as contained in the performance bond. By this language, as required by the act, all claimants furnishing labor or materials pursuant to contractual agreements with a subcontractor of Mergentime are recognized beneficiaries under the bond of INA. In order for one to be a third party beneficiary to a contract, the contracting parties must have so intended. See *Line Lexington*

*Lumber and Millwork Company Inc. v. Pennsylvania Publishing Corp.,* 451 Pa. 154, 301 A.2d 684 (1972), *VanCor Inc. v. American Casualty Company of Reading,* 417 Pa. 408, 208 A.2d 267 (1965), *Spires v. Hanover Fire Insurance Company,* 364 Pa. 52, 70 A.2d 828 (1950). In this respect, section 302 of the Restatement (Second) of Contracts has been adopted in Pennsylvania by *Duncan v. Lagnese and Associates Inc. v. Stoney Creek Valley Sewer Authority,* 303 Pa. Super. 236, 449 A.2d 666 (1982). Therein, it is provided that unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either:

"(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

"(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." The Restatement (Second) of Contracts §302 (1979).

In point of fact, the Supreme Court specifically adopts Section 302 of the Restatement in *Guy v. Liederbach,* 501 Pa. 47, 459 A.2d 744 (1983). Under these circumstances, we have no difficulty in determining on this record that plaintiff herein is a claimant as that term is used in the act and in the bond and is, therefore, a third party beneficiary to this contract if Wertz is, in fact, a subcontractor of Mergentime.

In that respect, there likewise is no question or doubt. As previously noted, Wertz and Mergentime entered into a contract on January 24, 1983 which is denominated therein "subcontract No. 110-03." Wertz is identified in the contract as a subcontrac-

tor. The contract is in the amount of $1,750,000 and provides specifically for the doing of certain mechanical work specifically identified by bid item number, for the furnishing of Ingersoll-Rand pumps with compatible pump lubrication and water cooling system, furnishing and installing blow off assembly identified specifically to bid number and the same with respect to air release valve assembly — mechanical work only. Further specific provisions are set forth in that contract and, in a rider thereto, it is specifically provided that payment of plaintiff's invoice will be made by Wertz within 10 days of receipt by Wertz of payment from the general contractor, Mergentime. We have no difficulty from these contract provisions in determining that Wertz was a subcontractor as that term is applied in the act and the bond.

In determining what is a subcontractor for purposes of this act, there is little, if any, authority in Pennsylvania. However, we may look to the federal Miller Act, 40 U.S.C.A. 270(a), et seq. which is comparable to the Pennsylvania Public Works Contractors Bond Law for elaboration. In *F.D. Rich Co., Inc. v. United States for the Use of Industrial Lumber Company Inc.*, 417 U.S. 116, 94 S. Ct. 2157, 40 L. Ed. 2d 703 (1974), the Supreme Court provided that for purposes of construction of the Miller Act, the court must look to the substantiality and importance of the alleged subcontractor's relationship with the prime contractor and stated that subcontractor status is determined by a functional rather than a technical definition. See also *MacEvoy Co. v. United States, ex rel. Tomkins Co.*, 322 U.S. 102, 64 S. Ct. 890, 88 L.Ed. 1163 (1944). On this basis, there is no doubt that Wertz is a subcontractor to Mergentime. They contracted on that basis and it is clear that the terms of their contract and relation-

ship was such as to afford Wertz' subcontractor status. As such, plaintiff herein furnished material and labor for the prosecution of the work of this project and therefore qualifies as a third party beneficiary under the bond.

Defendants' contention that somehow plaintiff's rights are changed or affected without its consent by virtue of the transfer and substitution of contract 60B for contract 60A is without merit. Obviously, plaintiff proceeded in this matter in reliance, to some extent at least, upon the bond. We can impute to the plaintiff knowledge of the requirement of the bond because it is required by law in such a project. It is not necessary that plaintiff actually see and inspect the bond. It is enough that the law requires that such bond be posted, and clearly, plaintiff can proceed in reliance upon the requirement of law. As such, plaintiff proceeded to build and construct the pumps and other things necessary to completion of its contract with Wertz in reliance upon the existence of this bond. It is interesting to note that plaintiff had virtually completed its performance by the time Wertz and NWRA entered into its contract 60B. We can see no basis upon which it can be determined that somehow plaintiff's rights under this contract were qualified, changed, amended or transferred without its consent and without consideration therefor. Therefore, we believe that summary judgment must be entered in favor of plaintiff and against INA.

## ORDER

And now, this October 8, 1987, it is hereby ordered that summary judgment is entered in favor of plaintiff and against INA in the sum of $359,565.30 with interest at the rate of six percent per annum from October 5, 1984.